### MASON et al. v. UNITED STATES.*

(Circuit Court of Appeal, Seventh Circuit. July 17, 1924.)

No. 3380.

**Intoxicating liquors ⬤⟶224—"Criminal prosecution" held "action," within provision of National Prohibition Act as to burden of proof.**

Criminal prosecution is "action," within National Prohibition Act, tit. 2, § 33 (Comp. St. Ann. Supp. 1923, § 10138½t), placing burden on possessor of liquor "in any action concerning it" of proving that liquor was lawfully acquired, possessed, and used in view of title 1 (Comp. St. Ann. Supp. 1923, §§ 10138¼a to 10138¼g), and title 2, §§ 21, 22, 23, 25, 29 (Comp. St. Ann. Supp. 1923, §§ 10138½jj–10138½l, 10138½m, 10138½p) citing Words and Phrases, First Series, under heading "Action at Law," subheading "Criminal Prosecution." and Words and Phrases, Second Series, heading "Criminal Action."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Action— Action at Law.]

In Error to the District Court of the United States for the Northern Division of the Southern District of Illinois.

Ellsworth Mason and Harry Easton were convicted of violating the National Prohibition Act, and they bring error. Affirmed.

Geo. W. Sprenger, of Peoria, Ill., for plaintiff in error.

Thos. Williamson, U. S. Atty., of Springfield, Ill., Gertrude Warner Kindler, Asst. U. S. Atty., of Peoria, Ill., Thomas F. Smith, Asst. U. S. Atty., of Springfield, Ill., and Wm. B. Schroder, Asst. U. S. Atty., of Peoria, Ill., for the United States.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. This writ of error is to reverse a judgment of conviction against plaintiffs in error, called defendants, on an indictment under the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). At the beginning of the trial the court denied a motion by defendant Mason for the return of certain liquor, afterwards used in evidence. The petition stated:

"That * * * he ran a soft drink parlor at 223 First street, in the city of Peoria and resided there with himself and family. * * * Agents of the United States government entered said premises and searched same. Not finding what they desired in the

---

*Certiorari denied 45 S. Ct. 97, 69 L. Ed. —.

soft drink parlor, over defendant's protest, they entered his home and seized two quarts of whisky, which were legally in possession of this defendant and were not for the purpose of sale."

The petition did not claim ownership of the liquor by defendant. No evidence was offered before the court on this petition, but upon the trial it appeared that the prohibition agent had made the search under a federal search warrant. Neither the sufficiency of the search warrant nor the legality of the service was in any way brought in question. The evidence shows that the premises searched were a part of the soft drink parlor and not the defendant's home; that, if his home was anywhere on the premises, it was upstairs, where no search was made.

The only other question is upon the following instruction:

"When the fact of possession is once established, the burden of proof shifts, and is upon the possessor in any action concerning the same to prove that the liquor was lawfully acquired, possessed, and used."

The instruction is based upon section 33, title 2, of the National Prohibition Act, which reads, in part:

"Sec. 33. After February 1, 1920, the possession of liquors by any person not legally permitted under this title to possess liquor shall be prima facie evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished, or otherwise disposed of in violation of the provisions of this title; * * * and the burden of proof shall be upon the possessor in any action concerning the same to prove that such liquor was lawfully acquired, possessed, and used."

Defendants rely upon a favorable holding in U. S. v. Cleveland (D. C. Ala.) 281 Fed. 249, 253. The conclusion there was reached largely on the court's understanding of the word "action." It said:

"The word 'action' is not ordinarily used to indicate a criminal prosecution. Certainly Congress knew the difference in the words, for we find the word 'prosecution' correctly used in several places in the act. * * *"

We are of opinion that the word "action," as used in section 33, title 2, should not be so narrowly construed. In Bouvier's Law Dictionary (Rawle's 3d Ed.) "action" is defined as "a doing of something; something done." And it is there further said:

"*In the Civil Law.* * * * Criminal Actions.—Those personal actions in which the plaintiff asks reparation for the commission of some tort. * * *

"*In the Common Law.* * * * Criminal Actions.—Those actions prosecuted in a court of justice, in the name of the government, against one or more individuals accused of a crime."

In Words and Phrases, First Series, under the hearing "Action at Law," subheading "Criminal Prosecution," there are numerous references to criminal actions. In Words and Phrases, Second Series, under the heading "Criminal Action," there are a number of definitions. In Ames v. Kansas, 111 U. S. 449, 460, 4 Sup. Ct. 437, 28 L. Ed. 482, there is a definition of "criminal action" under the Kansas Code of Civil Procedure. In Caha v. U. S., 152 U. S. 211, 214, 14 Sup. Ct. 513, 514 (38 L. Ed. 415), the court, in discussing jurisdiction under the act creating the territory of Oklahoma (26 U. S. Stats. L. 81), said:

"The word 'actions' may include both civil and criminal proceedings."

Title 1 of the National Prohibition Act provides for the enforcement of war prohibition. Title 2 is entitled: "Prohibition of Intoxicating Beverages." Section 21, title 2, declares premises where liquor is illegally sold, etc., to be a nuisance and prescribes the punishment. Section 22 is the provision for abatement of a nuisance by injunction. Section 23 provides for injunction against other offenses under the act. Section 25 makes it unlawful to possess any liquor or property designed for the manufacture of liquor intended for use in violating this title or which has been so used, and says:

"No property rights shall exist in any such liquor or property."

Section 29 fixes the penalty for illegal manufacture and sale and provides for penalties and punishments for the violation of any provision of the act. There is also a provision for the revocation of permits by the Commissioner. From all these provisions, it appears that there are actions that may be taken by the Commissioner, actions by injunction and actions by way of criminal prosecution and proceedings under search warrants. In each of the proceedings or actions covered by title 2, the action usually concerns the manufacture, possession, or sale of intoxicating liquors; in fact, every provision of the act is concerned with the manufacture, sale or possession of intoxicating beverages. The word "action" is the only word broad enough to cover them all.

We are of opinion that there is no error in the instruction or in the record.

The judgment is affirmed.