**KEMP & BEATLEY, Inc., v. HIRSCH et al.**

District Court, E. D. New York. August 1, 1929.

Nims & Verdi, of New York City (Harry D. Nims, Minturn De S. Verdi, and Wallace H. Martin, all of New York City, of counsel), for plaintiff.

Munn, Anderson & Munn, of New York City (T. Hart Anderson, of New York City, of counsel), for defendants.

GALSTON, District Judge. These are cross-motions. Plaintiff moves for a preliminary injunction, and defendants move for a dismissal of the complaint.

The complaint alleges that the defendants have infringed plaintiff's certificates of copyright Nos. 84,890 and 84,892. If the copyrights are valid, there can be no possible doubt of infringement, for the defendants' dress patterns are almost identical with those deposited by the plaintiff with the Register of Copyrights.

The defendants urge, however, that plaintiff has no valid copyright protection, because the certificates do not cover copyrightable subject-matter; that they are invalid because plaintiff has not complied with the statutes in respect to the deposit of copies, and because of other irregularities in connection with the deposit of such copies. It will be sufficient to dispose of the first contention.

Plaintiff, preliminarily to obtaining certificates of registration, forwarded to the Register of Copyrights its applications, which bear the inscription: "Application for Copyright—For Work of Art (Painting,

Drawing or Sculpture), or for Model or Design for a Work of Art."

One application contains also the following: "(7) Title and description of work—Design for work of art, Pattern 9 No. 3385." The second application is identical with the first, save that pattern No. 10 is set forth, instead of pattern No. 9.

With each application there was deposited one identifying reproduction of each of the two designs. Subsequently plaintiff reproduced the two designs by stamping them on dress goods, published and sold the dress goods to the public, and then deposited with the Copyright Office of the United States two copies of the dress goods themselves on which the designs were stamped, as complete copies of the best edition then published.

The question, therefore, is whether a design for dress goods stamped on paper, or on the goods themselves, is a proper subject for copyright protection. One is aided towards reaching a conclusion by inquiry as to what monopoly right the plaintiff really sought to obtain. It would seem that the aim of the plaintiff was to secure a monopoly right of the manufacture and sale of dress patterns which embodied the designs sought to be copyrighted.

Is the copyright statute intended to afford such protection? The form of application requires an applicant to state whether that which is sought to be copyrighted is a work of art, or a model or design for a work of art. The plaintiff answered that inquiry by stating that its matter constituted a design for a work of art. What does the phrase "work of art" mean, as used in the application? The application itself indicated with convincing clearness exactly what is meant, for after "Work of Art" the words "Painting, Drawing, or Sculpture" are used in parenthesis, and that language is followed immediately by the following: "Or for Model or Design for a Work of Art." Does it not follow, therefore, that the design for a work of art contemplated by this application is a *design for a "painting, drawing, or sculpture"*? But there is no contention by the plaintiff that its design is for a painting, drawing, or sculpture; on the contrary, its design is for a pattern, the best edition of which was the pattern stamped on dress goods.

It should be noted that the form of the application, as prepared by the Register of Copyrights, does not express his arbitrary interpretation of the statute. Rather it is apparent that the Register of Copyrights prepared the form in accordance with the provisions of Act March 4, 1909, c. 320, § 5, 35 Stat. 1076, and Act Aug. 24, 1912, c. 356, 37 Stat. 488 (U. S. Code, title 17, Copyrights, § 5 [17 USCA § 5]), which in part reads as follows:

"Sec. 5. Classification of works for registration. The application for registration shall specify to which of the following classes the work in which copyright is claimed belongs: * * *

"(g) Works of art; models or designs for works of art."

The application form, it is true, includes the words "painting, drawing, or sculpture," which are not specifically mentioned in the foregoing section; but the addition of those words represents a fair intendment of the section.

Moreover, the classification which the Librarian of Congress has promulgated, in accordance with the Copyright Act, reasonably defines the scope of section 5, subdivision (g). The "Rules and Regulations for the Registration of Claims to Copyright" sets forth:

"Rule 12. (g) Works of art and models or designs for works of art.—This term includes all works belonging fairly to the so-called fine arts. (Paintings, drawings and sculpture.)

"The protection of productions of the industrial arts utilitarian in purpose and character, even if artistically made or ornamented depends upon action under the patent law; but registration in the Copyright Office has been made to protect artistic drawings notwithstanding they may afterwards be utilized for articles of manufacture.

"Toys, games, dolls, advertising novelties, instruments or tools of any kind, glassware, embroideries, garments, laces, woven fabrics, or similar articles are examples. The exclusive right to make and sell such articles should not be sought by copyright registration."

See 17 USCA § 53.

■ Under the authority of Rosenbach v. Dreyfuss (D. C.) 2 F. 217, it would seem, too, that articles such as dress patterns do not present copyrightable subject-matter.

■ Parenthetically it may be observed that, if the plaintiff's designs were novel and the result of invention, complete protection could have been had by the plaintiff by obtaining design letters patent. Revised Statutes, §§ 4929 and 4933 (35 USCA § 73), were particularly enacted to provide such protection.

■ The complaint seeks also to set forth a

cause of action in unfair competition. That cause cannot be sustained in this action because, both parties being residents of the state of New York, there is no diversity of citizenship.

The motion for a preliminary injunction is accordingly denied, and the motion for the dismissal of the complaint is granted. Settle order on notice.