## UNITED STATES v. BACKER et al.
### No. 119.

Circuit Court of Appeals, Second Circuit.

April 6, 1943.

Samuel L. Wallerstein, of New York City (Harold Harper and Vincent P. Uihlein, both of New York City, of counsel), for defendant-appellant.

Mathias F. Correa, U. S. Atty., and Clayton D. Hollinger, both of New York City, for appellee.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

CHASE, Circuit Judge.

Appellant Backer was convicted in the District Court for the Southern District of New York after a trial by court, a jury having been expressly waived, upon each of two counts in an information. There was a severance as to another defendant which left the appellant the sole defendant tried.

The information charged in the first count the willful infringement for profit, in violation of § 28 of the Copyright Act, 17 U.S.C.A. § 28, of the copyright on a statue of a male figure called the "Harvester," copyrighted on or about August 7, 1940, by Americana Designs, and the second count charged the like infringement of a figure of a female "Harvester" copyrighted by the same proprietor at the same time the male figure was copyrighted.

Americana Designs, which is the proprietor of the copyrights, is the trade name of a partnership made up of Dayton Brandfield, his wife, and Lou Breslow, all of whom are artists. Together they conceived the idea of making the two statues; designed them according to their own joint concept; and on July 29, 1940, received cast reproductions of the models to be painted for sale. They were then "published" with notice of copyright, either on July 31, 1940, as Brandfield finally testified or on August 7, 1940, as he at first testified, and two copies of each statue were forwarded to the copyright office for deposit there. The precise date of the sending of the copies

is somewhat uncertain but it was shown that they were received at that office on August 7, 1940, and the certificates, which were issued in due course, show the publication date as that day. The applications for the registration, however, were filed before that and on July 23d, which was, of course before either possible publication date, whichever may be correct.

Reversal of the judgment is sought on the grounds that no willful infringement was proved; that the registration of the copyright was invalid; that evidence was erroneously admitted and that the appellant's motion for an order to permit the taking of colored pictures of the copies filed by the applicant for copyright in the copyright office was wrongfully denied.

On the first point the evidence of willful copying to produce the figurines to sell for profit was overwhelming. It was adequately shown that the appellant, who did business under the trade name Alexander Backer Company, which was set up as a defendant in the information and as to which there was the severance already mentioned, took the copyrighted figurines to the Florence Statuary Company in Brooklyn, N. Y., and arranged to have somewhat similar little statues made from them. An employee of that company then made similar little statues using the copyrighted figurines, which will now be called the Americana Harvesters, and two other little figures the appellant furnished, as models. When the appellant saw the "Harvesters" so made for him he rejected them as being too like the Americana Harvesters. Another attempt to produce Harvesters in the same general way did not satisfy him because those little figures were too unlike the Americana Harvesters. Then the employee of the Florence Company who was doing the work was told by the appellant to make some Harvesters which would resemble the "Americana Harvesters" as closely as they might without "copyright trouble." Reproductions of Harvesters made after those instructions were sold by the appellant. What they were was proved by other like reproductions introduced in evidence. A comparison of them with Americana Harvesters also in evidence leaves no doubt, in view of the other evidence in the case, that they are in most respects copies of the copyrighted figurines as charged in the indictment. Nor can there be any fair doubt that the appellant deliberately had the copies made and deliberately sold them for profit.

A more difficult issue is presented by the appellant's contention that the registration of the copyright on each Americana Harvester is invalid. This subject is presently of vital importance since § 12 of the Copyright Act, 17 U.S.C.A. § 12, makes compliance with the provisions of the Act as to deposit of copies and registration a condition precedent to the maintenance of any action for infringement. The term "action" used in this setting includes a criminal as well as a civil action. Compare, Caha v. United States, 152 U.S. 211, 14 S. Ct. 513, 38 L.Ed. 415; Singleton v. United States, 4 Cir., 290 F. 130; Mason v. United States, 7 Cir., 1 F.2d 279.

Since there was substantial evidence to the effect that the Americana Harvesters were copyrightable material and that two exact copies of each were deposited in the copyright office before the certificate of registration was issued, we take it for granted that the trial judge so found and take up at once the question of the validity of a registration upon an application made before there has been any publication with copyright notice or deposit of copies in the copyright office but not acted upon until after there has been both publication with copyright notice and deposit of copies. It is well settled that publication with notice is sufficient to copyright whatever may be copyrighted at all. The need for a valid registration of a claim to copyright arises only because under § 12 of the 1909 Act there can be no maintenance of an action or proceeding for infringement until the provisions of the Act "with respect to the deposit of copies and registration of such work shall have been complied with." Under § 53, 17 U.S.C.A. § 53, the Register of Copyright was given the power, subject to the approval of the Librarian of Congress, to make rules and regulations for the registration of claims to copyright. Among such rules and regulations so promulgated is rule 201.11(e) found in 37 Code of Federal Regulations, ch. II, as amended. It provides that the actual date of publication must be set forth in the application for registration and it is obvious that that could not have been done here as of a past event because the applications were filed some days before there was any publication at all. Section 55 of the Act, 17 U.S.C.A. § 55, entitled the claimant of

the copyright to a certificate containing certain information regarding the copyright including the date of publication. The same section provides that such "certificate shall be admitted in any court as prima facie evidence of the facts stated therein." Clearly the statutory scheme of registration contemplates the filing of an application which shows correctly the publication date on which the copyright came into existence. The term of the copyright begins to run on the publication date and unless the application is filed after publication it obviously will not contain all the required data which will enable the Register of Copyrights to issue a certificate that will accurately show the beginning of the copyright term.

Yet we are satisfied that the Act has been so construed by authority binding upon us that such an irregularity will not invalidate a registration otherwise in compliance with it. It has been recognized that the statute grants valuable rights to persons who create subject matter which is copyrightable and that useless technicalities are not to be allowed to cut down the benefits conferred. Joe Mittenthal, Inc., v. Irving Berlin, Inc., D.C., 291 F. 714; Freedman v. Milnag Leasing Corp., D.C., 20 F.Supp. 802. Of even more significance presently is the decision of the Supreme Court in Washingtonian Pub. Co. v. Pearson, 306 U.S. 30, 59 S.Ct. 397, 83 L.Ed. 470. There the question was whether the deposit of copies first made after fourteen months had elapsed was a sufficient compliance with the statute which provided that they should be deposited promptly. It will be noticed in this connection that the condition upon the maintenance of any action in § 12 which is relied on by this appellant is one which couples the provisions of the statute with respect to the deposit of copies with those governing the "registration of such work" and makes compliance with the statute as to each equally a condition precedent. The same liberality of construction properly applicable to the requirement respecting the deposit of copies would, therefore, seem to be as applicable to the details of registration. Here the real issue is whether the copyright of each of the Americana Harvesters which actually came into existence when they were offered for sale with notice of copyright could be infringed with impunity merely because the application for registration was filed before the publication though not acted upon until after publication; and not until a time when an applica-

tion showing the actual publication date might have been filed or the one already filed amended to show that date. We do not know what was done in these applications. Had each contained a publication date, presumably that date would have been put into the corresponding certificate and that may be why the certificates gave the publication date as August 7th. We think it fruitless to speculate as to that, however. At most there was a mistake as to the date of publication to the extent of the period from July 31st to August 7th. Its apparent effect was to extend the initial copyright period of twenty-eight years as computed from the certificate for some seven days beyond the date when it would actually expire. This would be so if the publication date was in fact July 31st. At the least it would have no such effect at all. This would follow if the publication date was in fact August 7th. We cannot tell which date the trial judge found to be the publication date since he made no express finding, but whether the publication date as stated in each certificate was right or wrong the appellant was not prejudiced and it was not error to hold that the claims to copyright had been duly registered before the action was brought.

■ The denial of the motion for an order to permit the defendant to take colored pictures of the copies deposited was not reversible error. Even if we assume without deciding that the court had the power to make the order, the evidence so obtained was merely cumulative in corroboration of the disputed testimony of one observer to the effect that the putative copies were not painted in colors corresponding in all respects. We find no abuse of discretion in the denial of this and accordingly no error.

■ The evidence said to have been admitted erroneously consisted of pictures of the infringing figurines made by reversing the negatives in printing. The employee of the Florence Statuary Company who designed the infringements for the appellant testified that when appellant was talking with him as to how the Americana Harvesters could be changed he had suggested that he could "reverse the position of the two figures," and that was what he did. The pictures admitted over the appellant's objection were properly put in evidence to show that he had done what he said he did.

■ Finally, the appellant had proved that he had taken to this employee for use

in designing the Harvesters he ordered not only the Americana Harvesters but two figurines, Exs. D and D-1 which he had bought of a man named Goldscheider in Europe. Inquiry was then made of him on cross-examination concerning what right if any he had to reproduce these little statues. It may have been irrelevant but it was not pressed far and the extent to which it was did not go beyond the discretion of the court as to the scope of the cross-examination of a witness. In these times, it is idle to make much of such trivial matters especially in a trial by the court without a jury.

Affirmed.