**STEIN et al. v. EXPERT LAMP CO.**
No. 50 C 1479.

United States District Court
N. D. Illinois E. D.
Jan. 23, 1951.

Order Affirmed May 2, 1951.
See 188 F.2d 611.

Casimir A. Miketta and W. W. Glenny, of Los Angeles, Cal., and Bair, Freeman & Molinare, Chicago, Ill., for plaintiff.

Max Richard Kraus, Chicago, Ill., for defendant.

LA BUY, District Judge.

The complaint herein is brought to recover damages for copyright infringement and unfair trade practices by defendant. It alleges jurisdiction based on diversity of citizenship and jurisdictional amount pursuant to Sections 1331 and 1332 and as an action arising under the copyright laws of the United States pursuant to Section 1338, 28 U.S.C.A.

The plaintiff has filed a petition for preliminary injunction and the defendant has filed a motion to dismiss the complaint and for summary judgment. The question raised for determination is whether the work involved is copyrightable subject matter. Before proceeding to consideration of this question, the court makes the observation that the defendant's product alleged to be infringing that of the plaintiff is identical in every respect with that of the plaintiff and both the plaintiff and defendant are selling them for the same purpose, that is, as bases for table lamps.

The products are statuettes identified in the copyright certificate of registration as "Sculptured Figure of Male Balinese Dancer" and "Sculptured Figure of Female Balinese Dancer". The motion for preliminary injunction alleges "the plaintiffs are engaged in the manufacture and sale of works of art in the form of statuettes". Copyright registration was made pursuant to Section 5(g), 17 U.S.C.A. as being in the class of "(g) works of art; models or designs for works of art." In plaintiff's reply brief it is asserted two models of the statuettes, one female and one male, were submitted to the copyright office and these models were in the "form of lamp bases having the threaded mounting stub to receive a lamp socket".

The rules prescribed by the Register of Copyrights define Class (g) as follows: "Rule 201.4(7) Works of art and models or designs for works of art. The term 'work of art' includes works of artistic craftsmanship, insofar as their form but not their mechanical or utilitarian aspects are concerned, such as artistic jewelry,

enamels, glassware, and tapestries; as well as all works belonging to the so-called fine arts, such as paintings, drawings and sculpture."

It is defendant's contention that the form being used as a lamp base removes the work from the class "works of art" and places it within the scope of design patents "for an article of manufacture". In other words, the use for which plaintiff intended the work is not within the monopoly rights granted by the copyright laws. As was said by Judge Major in Taylor Instrument Co. v. Fawley-Brost Co., 7 Cir., 1943, 139 F.2d 98, 99: "While it may be difficult to determine in which field protection must be sought, it is plain, so we think, that it must be in one or the other; it cannot be found in both. In other words, there is no overlapping territory, even though the line of separation may in some instances be difficult of exact ascertainment."

It is fundamental that when a work of art has been copyrighted, the owner is protected only in his method of expression of the idea contained in his copyrighted work and not protected in the use of the idea itself. In other words, having value independent of its use—the utilitarian object for which a work of art may be used in no way affects its copyrightability if it itself would be copyrightable. A thing which is intended solely to be put to practical use cannot be copyrighted. See Baker v. Seldon, 101 U.S. 99, 25 L.Ed. 841.

It would seem that plaintiff's submission of the statuettes with the lamp mounting stubs to the copyright office was evidence of the practical use to which they were intended to be put. Had it been merely the statuette, use of the statuette thereafter in any practical manner would not remove it from the scope of copyright protection. Having submitted the statuette as a lamp base, thereby limiting the use of the statuette, plaintiff cannot monopolize such use under the copyright statue. It is the court's opinion the phrase "mechanical and utilitarian aspects" means that the plaintiff could have no monopoly on the mechanics of making the statuette and further could claim no monopoly on the use to which it could be put. The court is therefore of the opinion that the object under consideration is not copyrightable subject matter.

The plaintiff's motion for preliminary injunction is denied; defendant's motion to dismiss Count I of the complaint is sustained; defendant's motion to dismiss Count II of the complaint is overruled; and defendant is given twenty (20) days in which to answer plaintiff's complaint based on unfair trade practices and unfair competition.

An order in accord therewith has this day been entered.