**STEIN et al. v. EXPERT LAMP CO.**

No. 10347.

United States Court of Appeals
Seventh Circuit.

May 2, 1951.

Rehearing Denied May 22, 1951.

Will Freeman, George E. Frost, Chicago, Ill., C. A. Miketta, Los Angeles, Cal., for appellants.

Max R. Kraus, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and KERNER and SWAIM, Circuit Judges.

KERNER, Circuit Judge.

Plaintiffs brought this suit for an alleged infringement of two copyrights. In their complaint they charged defendant with having infringed the copyrights, and with unfair competition. The copyrights cover "statuettes" and fall under classification (g), Section 5, Title 17 U.S.C.A. § 5(g), which provides protection for "Works of art; models or designs for works of art." One of the copyrights is for a "Sculptured Figure of Female Balinese Dancer," and the other for a male Balinese dancer.

The record discloses that a hearing was had on plaintiffs' motion for a preliminary injunction, and on defendant's motion to dismiss the complaint. In its motion to dismiss, defendant urged, *inter alia,* that the copyright laws prevent the copyright registration of an article of manufacture such as electric lamps, even if the same is artistically made or ornamented; that the copyrights, if valid, are restricted to statuettes and not to electric table lamps; and that defendant does not manufacture or sell statuettes but is engaged in the selling and distribution of an electric lamp which is an article of manufacture for a utilitarian purpose.

It is true that plaintiffs have never manufactured and sold any statuettes such as they registered in the Copyright Office; they have, however, manufactured and sold electric table lamps which embody the design of the copyrighted statuettes, marked with a copyright notice, that is, plaintiffs have added lamp sockets and shades to the statuette and used it as a base or standard for table lamps, and it is undisputed that defendant has placed on the market and is selling table lamps which are identical in every respect with those of plaintiffs.

The trial judge held that plaintiffs' submission of the statuettes with the lamp mounting stubs to the Copyright Office was evidence of the practical use to which the statuettes were intended to be put, and that plaintiffs could not monopolize such use under the copyright statute. He denied the motion for an injunction and dismissed the complaint insofar as it related to the alleged copyright infringement. To reverse this order, plaintiffs have appealed.

In arguing for a reversal, plaintiffs make the point that the fact that the statuette may be utilized for some practicable use does not change the character of it. They insist that a sculptured statue is a "work of art," and since statuary is registrable matter they are entitled to protection, and the copyrights must be enforced. On the other hand, defendant contends that plaintiffs' copyrights do not cover or protect an electric table lamp, and that the Copyright Office cannot grant a monopoly on such a device. In support of plaintiffs' contention they cite, among other cases, Bleistein v. Donaldson Co., 188 U.S. 239, 23 S.Ct. 298, 47 L.Ed. 460; Pellegrini v. Allegrini, D.C., 2 F.2d 610; and United States v. Backer, 2 Cir., 134 F.2d 533. We have examined and considered all the cases cited but are not persuaded that a design of an electric lamp may be protected as a monopoly by means of a copyright registration, registered without an examination as to originality, novelty or inventiveness.

Congress has provided two separate and distinct classes or fields of protection, the copyright and the patent. Copyright registrations are granted by filing with the Copyright Office two reproductions of the "work of art" with copyright notice and a fee of $4.00. The Copyright Office makes no examination or search as to the originality or novelty of the claimed "work of art." Applications for design patents are filed in the United States Patent Office and are subject to an examination in which the examiner searches through all available publications, prior patents and all prior art available, to determine if the design

possesses the qualities requisite to granting a design patent.

It is true that the Copyright Act protects "Works of art; models or designs for works of art," but the Act does not refer to articles of manufacture having a utilitarian purpose nor does it provide for a previous examination by a proper tribunal as to the originality of the matter offered for copyright and § 202.8, 17 U.S.C.A. following § 207 provides: "Works of art (Class G)–(a) In general. This class includes works of artistic craftsmanship, in so far as their form but not their mechanical or utilitarian aspects are concerned, such as artistic jewelry, enamels, glassware, and tapestries, as well as all works belonging to the fine arts, such as paintings, drawings and sculpture. * *"

■ The purpose of the design patent law, 35 U.S.C.A. § 73, is to promote the decorative arts and to stimulate the exercise of inventive faculty in improving the appearance of articles of manufacture. Hueter v. Compco Corp., 6 Cir., 179 F.2d 416. It provides that "Any person who has invented any new, original, and ornamental design for an article of manufacture, not known or used by others in this country before his invention thereof * * * may * * * obtain a patent therefor." That is to say, to authorize a design patent, the exercise of inventive faculty is required. S. Dresner & Son, Inc., v. Doppelt, 7 Cir., 120 F.2d 50.

■ We have been told that an object of practical use is subject to patent protection, Baker v. Selden, 101 U.S. 99, 25 L.Ed. 841, and it has been held that copyrighting "works of art" or "designs of works of art" does not give a copyright owner a monopoly on the article itself if it is to be used for an article of manufacture. Kemp & Beatley v. Hirsch, D.C., 34 F.2d 291; compare Gorham Mfg. Co. v. White, 14 Wall. 511, 81 U.S. 511, 525, 20 L.Ed. 731, and Taylor Instrument Companies v. Fawley-Brost Co., 7 Cir., 139 F.2d 98. It is possible that plaintiffs might have obtained design patents for the statuettes as a part of an article of merchandise, a question we do not decide, but since they have no such patents, it follows that the order of the District Court must be affirmed. It is so ordered.