**STEIN et al. v. ROSENTHAL et al. (Santi, third party defendant).**

**No. 12447–T.**

United States District Court
S. D. California, C. D.

Feb. 21, 1952.

---

9. Cf. Hudson River Day Line v. U. S., D. C., 85 F.Supp. 225.

Casmir A. Miketta and William W. Glenny, Los Angeles, Cal., for plaintiffs.

Robert W. Fulwider, Los Angeles, Cal., Harold J. Downes, Lynwood, Cal., for third party defendant.

TOLIN, District Judge.

An Opinion is indicated because contentions have been made that the copyrights involved in this case are invalid for the same reasons which voided the same plaintiffs' copyrights of similar subject matter in Stein v. Expert Lamp Company, 7 Cir., 1951, 188 F.2d 611, Id., D.C., 96 F.Supp. 97. There are points of similarity and also points of dissimilarity between the facts in this case and those in the cited case.

Plaintiffs are copyright proprietors concerning four copyrights for which the Register of Copyrights has issued certificates of registration in Class H, identified as Certificates 1721, 1723, 1737 and 1738. The certificates relate to statuettes or sculpture entitled Male and Female Curved Ballet Dancers; Egyptian Dancer, Male; and Egyptian Dancer, Female. Under the partnership style Reglor of California, plaintiffs have reproduced and sold many copies in the form of statuettes, each one of which has been marked with the required statutory notice. A few copies of some of the statues were sold simply as statuettes. By far the greater number were wired with electrical assemblies to which lamp shades were attached and were sent to the retail market by plaintiffs as the supporting bases of fully assembled table lamps.

The photographs of the statuettes deposited with the Copyright Office, as part of the claimed copyright in a reproduction of a work of art, are photographs of mere statues alone without electrical assemblies, lamp shades, lamp mounting stubs or any other addition to the purely artistic sculpture. Insofar as the copyright registration shows, the several works registered are statues only. There is no suggestion in any of the several claims to copyright of any claim except the form of the figures. There are no mechanical or utilitarian aspects to the statues. None of the claims to copyright suggest any utilitarian use and if adaptability to such a purpose were to be sought solely from examination of the copyrighted material, the result would be negative.

It is contemporary interior decorating practice to place lamp assemblies in or near vases, urns, figures and other art objects. Some of the exhibits received in trial of the unfair competition aspects of this case consist of carved figures anchored to a base which also supports a table lamp which is complete in itself and not dependent in any way upon the accompanying statue. Awareness of the current decorators' custom might suggest to the possessor of any one of the figures as copyrighted that it could be advantageously placed on or near the same base used to support a table lamp, or even that it might be wired itself and thereby integrated into the lamp. Any such idea generated in the mind of one coming upon plaintiffs' registrations in the Copyright Office would arise from awareness of the current fashion rather than from examination of the copyrighted sculpture. Viewed under like circumstances some years ago the suggestion of adaptation to usefulness, again coming from

awareness of a prevailing fad, might have been to insert a ring into the figure and use it as a hitching post. To some observers these might seem inappropriate figures for such a use. The same might be thought of a current use of the figures in lamp assemblage. The point, insofar as this case is concerned, is simply that the copyrighted material is in itself non-utilitarian and non-mechanical. Protection is not dissipated by taking an unadulterated object of art as copyrighted and integrating it into commercially valuable merchandise. The appropriateness of copyright registration is determined by the character of the registered work of art as registered and not by the ability, intent or hope of the registrant to use it as a dress for a utilitarian object. Copyright protection is not reserved exclusively to proprietors who do not intend to earn money by commercialization of their art.

Plaintiffs and defendants are competing manufacturers of what they describe as "action lamps". As understood in the lamp trade, this term describes electric table lamps in which a statuette of some figure in action is either employed as the supporting member of the lamp or as the base of the lamp or as a decorative accompanying figure. After obtaining the copyrights in question, plaintiffs copied the statuettes of the action lamps. Defendants obtained some of plaintiffs' lamps in the open market and copied the whole thereof including the copyrighted statuettes. Adaptation to practicality of the copied art and both plaintiffs' and defendants' use thereof was accomplished by molding a metallic electrical conduit into statuettes which were exact replicas of the copyrighted material. Lamp mounting stubs were added and the completed lamp, including light bulb and shade, placed into commerce. In their action for infringement of copyright, plaintiffs do not seek to enjoin defendants from making action lamps or even action lamps of similar design. They do seek to enjoin defendants from copying the statuettes which they themselves have copied and which are the only subject of copyright protection in this case. Pending determination of this action, defendants have suspended manufacture of the questioned articles. It is these facts that distinguish this litigation from plaintiffs' earlier suit against another defendant. The products involved in Stein v. Expert Lamp Company, supra, were 188 F.2d 612. "Sculptured Figure of Male Balinese Dancer" and "Sculptured Figure of Female Balinese Dancer". *Unlike the Egyptian dancers and ballet figures involved in the case now before the Court,* the Decision in the Expert case states that *the copies submitted to the Copyright Office including projecting lamp stubs.* After procuring certificates of registration from the Register of Copyrights, plaintiffs extensively manufactured table lamps embracing copies of the copyrighted statues. Defendants procured a set at retail. They caused the removal of the copyright notice and employed third party defendant, Valentino Santi, to make casts of the copyrighted statuettes and placed a substantial order with him for statuettes made from such casts. Defendants requested him to insert a copyright notice in the place from which they had removed plaintiffs' notice of copyright. This he refused to do but finally compromised with defendants by inserting the legend "Pat Co."

Plaintiffs' copies of their protected statues, as used in their lamp business, differed from the copyrighted originals in that they were cast with electrical conduits and mounting stubs added to the sculpture. So were the copies cast for the defendants by Valentino Santi, the third party defendant. In this respect they materially differed from original statues submitted for the registration which had been perfected under Section 5(g) of Title 17, United States Code Annotated. It is this difference which distinguishes this case from Stein v. Expert Lamp Company, 7 Cir., 1951, 188 F.2d 611, Id., D.C., 96 F.Supp. 97. (Both Opinions should be read to get all of the facts.) *But for* the addition of mounting stubs which adapted them to the lamp manufacturer's use, the infringing copies were identical with the non-utilitarian originals depicted on the registration certificates.

It is admitted that defendants have copied plaintiffs' copyrighted statues. This

was wilfully done after deliberate removal of the copyright notice. The defense is that the statues were initially ineligible for copyright protection because of adaptability of copies to integration with other objects into a table lamp. Defendants contend that if not initially ineligible to copyright protection, the protection has evaporated with the use to which the statuettes have been placed. Defendants insist that copyright protection is very narrow and if a manufacturer conceives an object of utility into which or onto which copyrighted material can be copied, the combining of a copy of a copyrighted work of art with an object of utility destroys the protection of the copyright. Defendants contend that it is inherent in this claimed rule that proprietors of copyrights of works of art must avoid copying any such work into or onto a mechanical or utilitarian object or forfeit their right to have others restrained from doing so.

Sculpture of the type protected by plaintiffs' copyrights has been recognized in numerous cases. See: King Features Syndicate v. Fleischer, 2 Cir., 299 F. 533; Fleischer Studios, Inc., v. Ralph A. Freundlich, Inc., 2 Cir., 73 F.2d 276; Jones Bros. Co. v. Underkoffler, D.C., 16 F.Supp. 729; F. W. Woolworth Co. v. Contemporary Arts, Inc., 1 Cir., 193 F.2d 162, 92 U. S.P.Q. 4, and cases therein cited.

■ We have been referred to the familiar rule that protection of productions of the industrial arts, utilitarian in purpose and character, even if artistically made or ornamented, depends upon action under the Patent Law rather than the Copyright Act which gives protection to, Section 5(g), 17 U.S.C.A., "Works of art; models or designs for works of art". This poses the question whether the registered sculpture is an article utilitarian in purpose and character. The Court holds that as registered, it is not. Each of the statuettes is mere art. It need not be fine art. The word "fine" was stricken from the Act of March 4, 1909. Jones Bros. Co. v. Underkoffler, D.C., 16 F.Supp. 729. To be eligible it must be not utilitarian in itself. Having qualified for registration by reason of its purely artistic character, the question presented is whether an intent on the part of the claimant to copy such protected sculpture in such a way as to artistically enhance some separate and utilitarian article of manufacture destroys the right to copyright. The argument that this is so is but another vehicle to carry defendants' philosophy that if the artist intends to profit by his creation he cannot acquire protection. To uphold this argument would be to require the Judicial inquiry to plumb the mind of every copyright proprietor and determine his plans and intentions as of the time of registration. This impossibility is not contemplated by the Statute.

■ It is recognized that copyright protection existing for original art does not extend to protecting a table lamp which employs a copy of the protected art as part of its ornamentation. The copyright proprietor's right is limited to the right to make or use copies of the protected material. Bleistein v. Donaldson Lithographing Co., 188 U.S. 239, 23 S.Ct. 298, 47 L. Ed. 460. This protection is absolute and the copyrighted art under protection of valid copyrights cannot be copied for any purpose without consent of the proprietor. Thus when copied and used, as defendants have used it, in decoration of a utilitarian object, there is an infringement for which damages will be allowed for past infringing acts and injunctive relief issued against future like wrong.

■ Plaintiffs' Second Cause of Action is based upon alleged unfair competition. They have not proved a case under that cause of action. There was no palming off of defendants' wares for those of plaintiffs. Plaintiffs perfected the development of extensive good-will for their firm style Reglor of California. Defendants had their own trade style and vended their lamps under that name. There was no usurpation of plaintiffs' trade name although customers of plaintiffs were solicited by defendants to purchase the infringing products of defendants on a basis of price competition. In other respects defendants unconscionably invaded plaintiffs' copyright and in their solicitation of custom for their infringing merchandise, harassed plaintiffs' customers and resorted to

such devices as impersonation of Federal Agents in an attempt to gain a view of the tradesmen's records of business with plaintiffs. Where the techniques of copying and vending infringing articles are so tinged with bad faith, plaintiffs are entitled to reasonable attorneys' fees upon their cause of action for copyright infringement. The authority for awarding attorney fees is declared in Title 17 U.S.C.A. § 40: "In all actions, suits, or proceedings under this title, except when brought by or against the United States or any officer thereof, full costs shall be allowed, and the court may award to the prevailing party a reasonable attorney's fee as part of the costs."

Although the Statute declares that the awarding of attorney fees is a matter of discretion, the Court of Appeals for the Ninth Circuit, in considering an award of attorney fees in a patent case where a like statute applied, Title 35 U.S.C.A. § 70, has declared the principles which shall guide the District Court in the exercise of discretion. See: Park-In-Theatres, Inc. v. Perkins, 9 Cir., 190 F.2d 137, at page 142: "* * * The exercise of discretion in favor of such an allowance should be bottomed upon a finding of unfairness or bad faith in the conduct of the losing party, or some other equitable consideration of similar force, which makes it grossly unjust that the winner of the particular law suit be left to bear the burden of his own counsel fees which prevailing litigants normally bear. * * *"

The Court finds that the infringement was made in bad faith and that the conduct of the defendants in their infringing actions was unfair.

There is an unfair competition count which the Court decides in favor of defendants on the principles declared in Chas. D. Briddell, Inc., v. Alglobe Trading Corp., 2 Cir., 194 F.2d 416.

There is also an alleged cause of action based upon a claim for statutory penalty described by Title 35 U.S.C.A. § 50. The Court finds that this Third Cause of Action has not been sustained by the evidence.

Some portion of the trial, which extended over twelve days, and some considerable portion of the extensive briefs filed were devoted to the litigation of causes of action in which plaintiffs have not prevailed. There is an undisputed showing to the Court that plaintiffs' attorneys have billed them $8,692 for representation herein. Attorneys' fees cannot be allowed for any representation except that reasonably necessary to redress the infringement of plaintiffs' copyright and procure injunctive aid against further infringement. The amount billed plaintiffs by their attorneys is not binding upon a third party liable to pay such attorneys' fees as may be assessed by the Court. The Court awards plaintiffs $3,500 attorneys' fees to be recovered from defendants.

Plaintiffs in their brief pray the Court to award the cost of daily copy of transcript as an item of cost. Local Rule 15 provides that a party in whose favor a judgment or decree for costs is awarded or allowed by law shall file with the clerk his bill of costs, and further provides that the clerk shall tax the same upon application. The current application of plaintiffs for allowance of the particular item of cost now sought is therefore prematurely made. During the trial a transcript of the previous day's testimony was furnished each morning to the Court and counsel. The Court did not order this to be done nor did any party move the Court for such an order. It was done at the instance of counsel for plaintiffs. Although copies of transcript are taxable as costs, the extra costs incurred by having daily copy is not chargeable as an item of cost unless ordered by the Court or unless extraordinary circumstances warrant the Court in imposing the excess expense for the speedy delivery of daily copy to the litigants. There was no circumstance of urgency in this case. The record does not show the existence of circumstances which would warrant taxing the additional cost of daily copy, although the basic cost of transcript should be allowed. See: Hayes v. Surface Combustion Corporation, D.C., 25 F. Supp. 515.

Judgment will be for the plaintiffs upon the First Cause of Action. Damages are awarded in the sum of $570 computed at $10 for each of the 57 infringing articles actually manufactured. Injunction as prayed. Attorneys' fees $3,500. Judgment for defendants upon Second and Third Causes of Action. Judgment for third party defendant, Valentino Santi, for his costs upon the issues joined by third party complaint against him and his answer thereto. There are no equitable or special circumstances existing which would warrant the allowance of attorneys' fees in favor of third party defendant. Defendants have not sustained their counterclaims and judgment thereon will be in favor of plaintiffs.

Findings and Judgment are to be settled pursuant to rule.