REQUESTED BY: Charles A. Kandt, Lincoln County Attorney, North Platte, Nebraska.
Do city attorneys of cities of the First Class and Second Class and Village Attorneys have authority to prosecute for violations of their cities' and villages' ordinances?
Yes
Neb.Rev.Stat. § 16-319 (Reissue 1983) sets forth the duties of city attorneys of cities of the first class. In pertinent part that section states: "The city attorneyshall commence, prosecute, and defend all suits and actionsnecessary to be commenced, prosecuted, or defended on behalfof the city, or that may be ordered by the council."
(Emphasis supplied.)
Neb.Rev.Stat. § 17-610 (Reissue 1983) describes the duties of attorneys for cities of the second class and villages. The language used is virtually identical to that of § 16-319: "He the city or village attorney shall commence, prosecute, and defend all suits and actions necessary to be commenced, prosecuted or defended on behalf of the corporations, or that may be ordered by the council or board of trustees." (Emphasis supplied.)
The question is whether these statutes are broad enough to give city and village attorneys the power and authority to prosecute for violations of city and village ordinances. We believe they are for several reasons.
First, § 16-246 (in the case of first class cities) and § 17-505 (in the case of second class cities and villages) give these cities and villages the power to make ordinances and to enforce these ordinances by imposing fines and/or imprisonment. If cities and villages have such authority, there must be a means to carry out that authority by going into a court of law for enforcement purposes. That means having a licensed attorney with power to proceed in court against persons who violate city and village ordinances.
It appears that §§ 16-319 and 17-610 were designed to provide cities and villages just such an attorney with full authority to "prosecute . . . all . . . actions necessary to be . . . prosecuted . . . on behalf of the city. . ." In order to have meaningful authority to enact ordinances, cities and villages must have a means of enforcement. It is "necessary" to "prosecute" "on behalf of the city" those who violate ordinances. The city and village attorneys are given the power and duty to carry out such prosecutions by §§ 16-319 and 17-610.
Second, if the city and village attorneys do not have this power and duty to enforce ordinances, it would appear that no one has been authorized by law to prosecute violations of city and village ordinances. Neb.Rev.Stat. § 23-1201
(Reissue 1983) discusses the duties of county attorneys. Nothing in that section gives county attorneys the power or duty to prosecute violators of city and village ordinances as described in §§ 16-246 and 17-505. Thus, if city and village attorneys cannot proceed against such violators of city and village ordinances, there is no effective way to enforce the ordinances and the power granted by the Legislature to cities and villages to enact ordinances is meaningless and useless.
Such a result would be nonsensical and unjust, contrary to the well-accepted rule of statutory construction that a "sensible construction will be placed upon a statute to effectuate the object of the legislation rather than a literal meaning that would have the effect of defeating the legislative intent." In construing statutes the courts will "try to avoid a construction which leads to absurd, unjust, or unconscionable results." Adkisson v. City of Columbus, 214 Neb. 129, 133-34, 333 N.W.2d 661 (1983). In this situation a narrow reading of §§ 16-319 and 17-610
which eliminates any duty and power of city and village attorneys to prosecute for violations of ordinances would be inappropriate as defeating the legislative intent to give cities and villages the authority to enact and enforce ordinances.
Third, the language used in §§ 16-319 and 17-610 is clearly broad enough to encompass the concept of criminal proceedings to enforce ordinances. The word "prosecute" has been defined to mean, among other things, "to proceed against a person criminally." Blacks Law Dictionary, 1385 (Rev. 4th ed. 1968).
The word "action," too, is defined as including a proceeding in a court of law for "the punishment of a public offense." Id. at 49. The word "actions" may include both civil and criminal proceedings. Mason v. United States,1 F.2d 279, 280 (7th Cir. 1924). Accordingly, §§ 16-319 and17-610, in stating that the city or village attorney shall prosecute all actions necessary to be prosecuted on behalf of the city, are authorizing city and village attorneys to enforce ordinances through criminal proceedings.
It is true that Article V, Section 24 of the Nebraska Constitution provides that "all prosecutions shall be carried on in the name of `The State of Nebraska.'" That constitutional provision, however, does not address the question of who may bring such actions and clearly does not prohibit city and village attorneys from proceeding to enforce city and village ordinances in the name of "The State of Nebraska" when authorized to do so by the Legislature. City of Brownville v. Cook, 4 Neb. 101 (1875), mentioned in the materials included with your request for opinion, does not deal with the issue of who can enforce city ordinances in criminal proceedings and merely reiterates the constitutional provision as to the name of the plaintiff in criminal prosecutions.
The statutory language of §§ 16-319 and 17-610 could be clearer in directing city and village attorneys to prosecute for violations of ordinances. Nonetheless, for the reasons set forth above, it is our opinion that those sections, taken in conjunction with §§ 16-246 and 17-505 which authorize cities and villages to enact and enforce ordinances, do empower city and village attorneys to prosecute for violations of their cities' and villages' ordinances.
Very truly yours,
ROBERT M. SPIRE Attorney General
Charles E. Lowe Assistant Attorney General