**UNITED STATES of America,**
**Appellee,**

v.

**Herman L. TAYLOR, Appellant.**

**Nos. 8538 and 8541.**

United States Court of Appeals
Fourth Circuit.

Argued April 6, 1962.

Decided June 15, 1962.

J. Kenneth Lee, Greensboro, N. C. (Major High, Greensboro, N. C., on the brief), for appellant.

William H. Murdock, U. S. Atty. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Joseph M. Howard and K. William O'Connor, Attys., Dept. of Justice, on the brief) for Appellee.

Before HAYNSWORTH, BOREMAN and BRYAN, Circuit Judges.

BOREMAN, Circuit Judge.

Attorney Herman L. Taylor was charged in an indictment containing two counts with failure to file federal income tax returns for 1956 and 1957 and, in a separate indictment, for willfully and knowingly attempting to evade and defeat a large part of his federal income tax by filing a false tax return for 1955.[1] He entered a plea of guilty to both counts charging failure to file returns and a plea of not guilty to the charge of filing a false return. On the latter charge defendant was tried and convicted by a jury. He was sentenced in these cases as follows: (1) For failing to file income tax returns in 1956 and 1957, defendant was fined $5,000 on each count, a total of $10,000, and sentenced to imprisonment for a term of one year on each count, the prison terms to run consecutively; (2) for attempting to evade income taxes, defendant was ordered to pay a fine of $10,000 and was sentenced to prison for a period of two years, the prison term to run concurrently with the two-year prison term in the first case. Thus the fines in both cases aggregated $20,000. Execution of the prison sentences was suspended and defendant placed on probation for a period of five years subject to certain general conditions and the following special conditions:

"1. That the total fine of $20,-000.00 be paid by March 1, 1962.

---

1. The indictments charge violations of 26 U.S.C. §§ 7203 and 7201 (1958), respectively.

"2. By March 1, 1962, that the defendant pay to the District Director of Internal Revenue Service the sum of $32,210.40, together with all accrued interest thereon until date of payment.

"3. Commencing with 1961, that the defendant shall keep accurate records of all income and deductions; file annual tax returns disclosing the full amount of his income and lawful deductions, and pay the Internal Revenue Service all taxes thereon, and file any other tax returns as required by the Internal Revenue Laws of the United States, and make payments of tax due within the time required by law.

The figure of $32,210.40 represents the income tax liability and penalties for the years 1952 through 1957, Social Security taxes withheld or required to be withheld for the fourth quarter of 1950 through the third quarter of 1952, and one-half of the Social Security taxes withheld or required to be withheld, plus penalties, by the firm of Taylor and Mitchell for the period commencing with the fourth quarter of 1952 through the fourth quarter of 1954, and the period commencing with the first quarter of 1955 through the fourth quarter of 1959, together with penalties, and also the declared income tax liability of the defendant for the years 1958, 1959, and 1960.

"4. The defendant shall further pay by May 1, 1962, any additional income tax that might be found to be due for the years 1958, 1959, and 1960, together with all applicable penalties and interest on said sums until date of payment."

Defendant appeals from his conviction on the charge of filing a false return and challenges the Court's right to impose certain of the special conditions of probation in both cases. The two cases were consolidated in this court for briefing, oral argument and decision.

Three questions are presented for our consideration: (1) Whether the District Judge erred in permitting cross-examination of defendant, who testified in his own behalf, concerning certain tax matters unrelated to the charge on which he was being tried; (2) whether there is sufficient evidence to sustain the conviction of willfully attempting to evade federal income taxes; and (3) whether certain conditions of probation were properly imposed.

On cross-examination and without objection defendant testified that during 1955 state revenue agents of North Carolina audited his state income tax returns for 1952, 1953 and 1954. He then admitted, in answer to a question by the United States Attorney, that he paid some additional state income tax after the audit. Defense counsel objected to the latter question and answer, but the objection was overruled. The United States Attorney asked defendant also if he had filed federal income tax returns for 1956 and 1957. Later, defendant was asked concerning the filing of returns reporting social security and income taxes withheld from the salary of his secretary. Objections were made to these questions but were overruled. The jury was instructed that the answers to such questions should be considered only in arriving at a determination of defendant's intent when he filed his 1955 federal income tax return.

It is well established that evidence of collateral facts, circumstances and other acts of a defendant of a character kindred to that for which he is on trial, whether occurring prior or subsequent to the alleged offense, may be admitted with proper explanation to the jury as to the limits within which it may be considered and for what purposes. Morrison v. United States, 270 F.2d 1 (4th Cir.), cert. denied, 361 U.S. 894, 80 S.Ct. 196, 4 L.Ed.2d 150 (1959); Hatem v. United States, 42 F.2d 40 (4th Cir.), cert. denied, 282 U.S. 887, 51 S.Ct. 103, 75 L.Ed. 782 (1930). The information elicited from defendant over objection might well bear upon his attitude toward

the reporting and payment of taxes generally and thus may have been helpful to the jury in ascertaining his intent in preparing and filing his 1955 income tax return. We find no error with respect to this cross-examination.

■ Defendant contends that the evidence was insufficient to support his conviction. He admits that there was a substantial understatement of his 1955 income in his return for that year and urges that this is the only evidence introduced by the prosecution to show that he willfully filed a false return with intent to evade his federal income tax. He relies on the principle that mere understatement of income is not sufficient evidence of criminal intent.[2] However, here we find more than a "mere understatement of income." The Government introduced evidence to show that: Defendant was graduated in 1945 from Columbia University Law School in New York; he was a member of the Bars of New York and North Carolina and had practiced law in Raleigh, North Carolina, since 1947; he had taught law at North Carolina College in Durham from 1945 to 1947; prior to attending law school and while going to college, defendant was employed as a bookkeeper at Virginia Union University in Richmond; he was familiar with the basic principles of federal income tax law; he had filed a sworn Federal Housing Administration loan application in October 1955 in which he stated that his estimated income for 1955 was $11,000, yet only a few months later when preparing his 1955 tax return he stated that his gross income was only $5,745; the latter figure was the exact amount of his withdrawals from a law "partnership"[3] of which he was a "member" in 1955. Defendant admitted that a substantial portion of the legal fees collected by him for his services was deposited in his personal account and not in the "partnership" account. None of the fees deposited in his personal checking account was reported as income in his 1955 return, yet defendant claims that this omission was through inadvertence. He offers no explanation, other than coincidence, for the fact that the "gross income" figure on his tax return equaled the amount of money withdrawn from his joint professional account.

The jury was carefully instructed that the Government must prove all elements of the offense charged, including the knowing and willful filing of a fraudulent return with intent to evade and defeat the payment of income tax. We think the evidence was sufficient, when considered in the light most favorable to the prosecution, to sustain the jury's determination of guilt beyond a reasonable doubt.

As before stated defendant was placed on probation on the conditions, among others, that he pay his District Director of Internal Revenue the sum of $32,-210.40 by March 1, 1962, and that he pay by May 1, 1962, "an additional tax that might be found to be due for the years 1958, 1959, and 1960" with interest and penalties thereon. The defendant challenges the validity of these conditions.

■ We are told that the declared taxes for 1958 through 1960 aggregate $3,355.69 but, with that exception, there is no explanation of the various items included in the figure of $32,210.40. The testimony of the Internal Revenue Agent who investigated defendant's tax affairs and whose computations were apparently accepted as the basis of the District Judge's order is quite confusing and certainly does not set forth an account of defendant's total tax liability with precision and clarity. We are thus unable to ascertain from the record before us the amount of tax actually owed by defendant for the years 1950 through

2. Defendant cites Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954), and cases from several Courts of Appeals on this point. We do not question the general principle that mere understatement of income is not, standing alone, evidence of criminal intent.

3. It appears that Taylor shared an office with another lawyer and that certain expenses and work were shared but that there was no formal partnership. The two did maintain a joint checking acount, however, in the name of Taylor and Mitchell.

1960. It does not appear that the District Judge could have had reliable information on this subject when imposing the conditions of probation. The record clearly indicates that the agent's computations were not based upon complete knowledge of defendant's affairs. The mere computations of an agent do not legally determine a tax liability. The defendant may or may not owe the amount of tax which he has been ordered to pay as a condition of probation. The United States Attorney concedes that the District Judge may have exceeded his authority in requiring the payment of a certain sum representing defendant's alleged federal tax liability since the greater portion of the amount which the defendant was ordered to pay had not been assessed by the Commissioner of Internal Revenue.

 We are of the opinion that the District Judge exceeded the authority given him under the Probation Act, 18 U.S.C. § 3651 (1958),[4] in imposing the challenged conditions of probation. District Courts are given wide latitude in exercising discretion with respect to the imposition of conditions of probation, but some limitation is to be found in the terms of the Act itself. One grant of authority with an express limitation permits the District Judge to require of defendant restitution " * * * to aggrieved parties for *actual damages or loss caused by the offense for which conviction was had * * *.*" (Emphasis added.) This provision has been interpreted to limit restitution to the amount involved in the particular offense for which defendant was indicted and of which he was convicted. Karrell v. United States, 181 F.2d 981, 986–987 (9th Cir.), cert. denied, 340 U.S. 891, 71 S.

Ct. 206, 95 L.Ed. 646 (1950); United States v. Follette, 32 F.Supp. 953 (E. D.Pa.1940). We are in substantial accord with the reasoning of these cases. In ordering restitution to the Government, the District Judge is limited to the amount of the basic tax for the year 1955, not exceeding the amount stated in the indictment, plus interest and fraud penalties for that year as authorized by statute. The judge could, however, properly require, as a condition of probation, payment of those taxes reported by the defendant as due for 1958, 1959 and 1960 since such liability is admitted and no question of restitution of fraudulently evaded taxes would be involved. Amounts in excess of defendant's admitted tax liability may not, as a condition of probation, be directed to be paid during the probationary period prior to the time such amounts are finally and legally determined, and then only if collection is not barred by a statute of limitation. It thus follows that at the time of sentence payment of any taxes allegedly due for the years prior and subsequent to the year 1955 and undetermined as to amount may be required as a condition of probation only after such taxes are legally determined during the probationary period to be owing and collectible. See United States v. Stoehr, 196 F.2d 276 (3rd Cir.), cert. denied, 344 U.S. 826, 73 S.Ct. 28, 97 L.Ed. 643 (1952).

 The Government refers us to and quotes language from McKinney v. Finletter, 205 F.2d 761, 763 (10th Cir. 1953), as follows:

" * * * It is a recognized doctrine of frequent enunciation that where a court has jurisdiction of the accused and of the offense charged, the imposition of a sentence in ex-

4. "§ 3651. Suspension of sentence and probation.

"Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.

\* \* \* \* \*

"While on probation and among the conditions thereof, the defendant—

\* \* \* \* \*

"May be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had; \* \* \*."

cess of that which the law permits does not render the authorized portion of the sentence void if the excess is separable from the residue and may be reached without disturbing the portion which is legal. * * *"

Such a doctrine is indeed well recognized and is perhaps most frequently applied in habeas corpus cases. See, e. g., United States v. Pridgeon, 153 U.S. 48, 14 S.Ct. 746, 38 L.Ed. 631 (1894); Harlan v. McGourin, 218 U.S. 442, 31 S. Ct. 44, 54 L.Ed. 1101 (1910); McKinney v. Finletter, supra. It has not, however, been limited to such cases. See, e. g., Karrell v. United States, 181 F.2d 981 (9th Cir.), cert. denied, 340 U.S. 891, 71 S.Ct. 206, 95 L.Ed. 646 (1950), (case remanded for modification of probation order when part of such order declared invalid). This court, in Kitt v. United States, 138 F.2d 842 (4th Cir. 1943), recognized the rule that an excessive sentence is not absolutely void but is voidable as to the excess beyond the maximum authorized by statute. There, however, the court held that it was not limited to striking the excess and allowing the valid portion of the sentence to remain but could "remand the case for an entirely new resentence" where that appeared to be the wiser course.

■ In the case at bar, all portions of the sentence are lawful except those special conditions of probation which require the present payment of taxes and penalties as to which there has been no formal determination of the amount due. The conditions of probation may be reframed so as to require the payment in full, within a specified time, of all taxes and penalties with interest thereon, and for any year, (1) found by the jury to have been evaded (2) shown by the defendant's returns to be due, or (3) determined and assessed by the Commissioner. Doubtless the defendant should be allowed to contest, in good faith, any

proposed assessment, but there may be incorporated in the conditions of probation adequate safeguards against contests for the purpose of delay. This might be done by requiring, within a specified time, the payment, or a deposit of adequate security for the payment, of all taxes and penalties tentatively determined by the Commissioner to be due,[5] with interest thereon. By permitting him to contest any proposed assessment through the usual review procedures, a requirement of security in lieu of payment would protect the defendant's rights without opening to him an opportunity, by frivolous contests, to postpone final determinations and, thereby, to postpone or avoid compliance with proper conditions of probation.

Other devices and appropriate terms will occur to the District Judge. We mention these only to indicate the insubstantiality of the modification of the terms of probation required by our opinion. The District Court may still require, as a condition of probation, the payment of all taxes and penalties lawfully determined to be due and collectible. The only limitation is that the amounts of the payments should be referable to a more formal determination than the District Court's calculations based upon otherwise unapproved computations of a Revenue Agent.

Since the required changes in the conditions of probation need have little effect upon their substance and since, upon remand, the District Court will have wide discretion in reframing special conditions of probation, we think it unnecessary to vacate the sentence. The remand, therefore, will be with directions to reframe the special conditions of probation so that such conditions will be in conformity with this opinion.

Conviction affirmed and case remanded for modification of conditions of probation.

5. If the Internal Revenue Service should levy a jeopardy assessment or propose a tentative assessment which was unreasonable or clearly unlawful, the District Court would have the power to relieve the defendant of the probationary requirement to the extent the requirement appeared unreasonable under the circumstances.