**Karl Lee PHILLIPS,**
**Petitioner-Appellant,**

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

**No. 80–4467.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 16, 1981.

Decided June 8, 1982.

Rehearing En Banc Denied Aug. 27, 1982.

Karl Lee Phillips, in pro per.

Kristin M. Sudhoff, Asst. U. S. Atty., Sacramento, Cal., for respondent-appellee.

Before WALLACE and KENNEDY, Circuit Judges and HOFFMAN,* Senior District Judge.

WALTER E. HOFFMAN, Senior District Judge:

Phillips pled guilty pursuant to a plea bargain to counts I, XII, and XXII of a twenty-six count indictment alleging mail fraud, 18 U.S.C. § 1341, and use of a fictitious name to defraud, 18 U.S.C. § 1342.

Count I alleged that Phillips: (1) registered fictitious businesses with various state agencies responsible for unemployment insurance benefits in California, Washington and Nevada; (2) rented post office boxes with assumed names; (3) submitted fictitious employee names for whom he paid payroll taxes; (4) filed false claims for unemployment benefits; (5) received the benefit checks by mail and (6) negotiated the checks and received the money. The probation report indicated that the scheme yielded $59,195.[1] Each subsequent count incorporated Count I and alleged particular acts on specified dates performed in furtherance of the scheme, but neither counts I, XII, or XXII set forth an amount that Phillips actually received.

Phillips was sentenced to one year imprisonment each on counts I and XII with the sentences to be served concurrently. Sentence was suspended on count XXII and Phillips was given five years probation on the condition he make $6,000 restitution. Phillips agreed with the district court judge's statement during the guilty plea proceedings that restitution would be deter-

---

* The Honorable Walter E. Hoffman, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

1. The dismissed counts of the indictment indicated that Phillips received $1,856.81. The district court stated that this amount was $1,412. *See Phillips v. United States*, No. S–77–300, (E.D.Cal. Sept. 10, 1980) at 2 n.2.

mined by the probation department and not be limited to the amount set forth in counts I, XII, and XXII. The $6,000 figure was selected as an amount that Phillips could realistically pay within the five year probation period and, after sentencing, Phillips signed a stipulation agreeing to pay the $6,000 in monthly installments of $100.

Phillips challenged *pro se* his conviction and sentence on seven grounds pursuant to 28 U.S.C. § 2255. The district court initially dismissed five of the seven grounds as meritless. The court subsequently denied in a memorandum order the remaining two grounds which alleged excessive restitution as a probation condition and ineffective assistance of counsel.

■ We affirm the district court's denial of Phillips' motion and hold that the district court did have the power to order Phillips to pay $6,000 restitution as a probation condition despite the fact that none of the counts to which Phillips pled guilty stated a specific amount of monetary loss. Therefore, we also affirm the district court's holding that Phillips' ineffective assistance of counsel claim was without merit because such claim was based solely on counsel's advice as to the restitutionary amount.

The authority for requiring restitution as a probation condition is set forth in 18 U.S.C. § 3651 which provides that a defendant "[m]ay be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had." It has been held that restitution may be made a probation condition only for amounts in counts upon which there was a conviction and not for amounts set forth in dismissed counts. *See Karrell v. United States,* 181 F.2d 981 (9th Cir.), *cert. denied,* 340 U.S. 891, 71 S.Ct. 206, 95 L.Ed. 71 (1950); *United States v. Buechler,* 557 F.2d 1002 (3d Cir. 1977);[2]

*United States v. Follette,* 32 F.Supp. 953 (E.D.Pa.1940).

Phillips was not, however, required to pay restitution in an amount set forth in a dismissed count. He was required to pay restitution as determined by the probation department in an amount that he could realistically pay within the five year probation period pursuant to a plea agreement.

■ We feel that when a defendant consents pursuant to a plea agreement to pay such a restitutionary amount and such plea bargain is fully explored in open court and the defendant thereafter signs a stipulation to the effect that restitution in such a sum is to be paid, then the Court is bound by law to carry out that specific agreement. *See United States ex rel. Robinson v. Israel,* 603 F.2d 635 (7th Cir. 1979) (en banc), *cert. denied,* 444 U.S. 1019, 100 S.Ct. 675, 62 L.Ed.2d 650 (1980). *See also United States v. McLaughlin,* 512 F.Supp. 907 (D.Md. 1981).

In *McLaughlin,* the most recent decision on whether a court may require restitution as a probation condition in an amount in excess of the amount stated in the count under which a defendant is convicted pursuant to a plea agreement, the court set forth at sentencing a thorough review of the case law examining this issue. The defendant in *McLaughlin* pled guilty to one count of a five count embezzlement indictment. Defendant agreed to make restitution of the total amount charged in the indictment as part of a plea bargain. The court concluded that it had the authority to order full restitution because:

(1) the amount of loss suffered by an identifiable aggrieved party is certain; (2) the defendant admits, and there is no factual question as to whether, the defendant caused or was responsible for the aggrieved party's loss; and (3) the de-

---

**2.** In *Buechler,* the Third Circuit expressly refrained from addressing "the question whether restitution in an amount exceeding that involved in the count to which a guilty plea is entered may be imposed as a condition of pro-

bation, where the defendant explicitly agrees to it as one of the terms of a plea bargain in a multiple count indictment." 557 F.2d at 1008 n.10.

fendant consents, freely and voluntarily, to make full restitution and that it be a condition of probation.

512 F.Supp. at 908. The court relied on the role of restitution as it relates to plea-bargaining and probation to support its conclusion against a narrow section 3651 interpretation and we find such policy arguments persuasive here.

First, plea-bargaining in situations involving multicount indictments would be severely restricted. If a defendant could not consent to make restitution for the actual loss caused by his or her conduct relating to the indictment, and have such be a condition of any probation he or she might receive, then the government would have little reason to dismiss indictment counts in order to limit a defendant's potential period of incarceration. More importantly, however, it would frustrate the rehabilitation goals of the probation system .... The primary purpose of restitution as a condition of probation is to foster, in a direct way, a defendant's acceptance of responsibility for his or her unlawful actions. To permit a defendant who freely admits his or her guilt, and the amount of loss caused thereby, to avoid making the aggrieved party at least economically whole is intolerable from a societal perspective.

512 F.Supp. at 912.

Other courts have held that in some circumstances it was permissible under section 3651 to order restitution for amounts other than those "for which conviction was had." *United States v. Tiler*, 602 F.2d 30 (2d Cir. 1979); *United States v. Landay*, 513 F.2d 306 (5th Cir. 1975); *United States v. Taylor*, 305 F.2d 183 (4th Cir.), *cert. denied*, 371 U.S. 894, 83 S.Ct. 193, 9 L.Ed.2d 126 (1962).

In *Tiler, supra*, defendants pled guilty to one count of conspiring to defraud the government pursuant to a plea bargain in exchange for dismissal of the remaining counts and no incarceration. The district court imposed restitution equal to the total loss incurred from the conspiracy. Defend-ants argued on appeal that the conspiracy count to which they pled guilty only involved the agreement to commit a future crime and did not cause the government actual damages. The Second Circuit rejected this technical approach and stated "that restitution may be ordered as a condition of probation for actual damages charged in the indictment to have been caused by the operation of the conspiracy over time [its entire six year duration]." 602 F.2d at 34. However, the *Tiler* indictment included an express figure in the conspiracy count to which defendants pled guilty.

In *Landay, supra*, defendant pled guilty to three counts of a six count indictment of causing the interstate transportation of forged securities. The bank that had suffered the loss obtained a civil consent judgment against the defendant prior to his plea. Defendant was ordered as a condition of probation to make restitution of the full amount of the civil consent judgment in an amount apparently greater than that covered by the counts on which he was convicted. The Fifth Circuit upheld the restitution order on the ground that the defendant "freely and voluntarily admitted the exact amount the [bank] claimed he owed." 513 F.2d at 308.

In *Taylor, supra*, defendant pleaded guilty to two counts of failing to file income tax returns for 1956 and 1957. He was convicted on a separate indictment of filing a false income tax return for 1955. Defendant was placed on probation on the condition he pay unpaid income taxes and penalties for the years 1952 through 1960 and social security taxes for the period 1950 and 1959. The Fourth Circuit stated that the district court did not have the authority under section 3651 to order such restitution because the probation condition required payment of taxes for periods other than the indictment years and cited the traditional rule as set forth in *Karrell, supra*, and *Follette, supra*. However, the Fourth Circuit stated that the district court could require payment of tax liabilities for 1958, 1959 and

1960 "since such liability is admitted and no question of restitution or fraudulently evaded taxes would be involved." 305 F.2d at 187. Consequently, such restitution constituted amounts other than those "for which conviction was had."

The district court in the present case focused on the *Tiler* section 3651 interpretation of "offense" for authority to uphold the $6,000 restitution. The offense of mail fraud requires both an act of using the mails and a fraudulent scheme. The district court stated that such a scheme is similar to the on-going offense of conspiracy in *Tiler*. The *Tiler* court relied on the nature of the conspiracy offense to set restitution at a figure which encompassed all damages from the conspiracy despite the fact that defendants were not convicted of specific fraudulent acts. The district court adopted this reasoning and analogized that "in mail fraud cases, 'offense' includes the fraudulent scheme alleged as an element of the offense and restitution may be ordered in an amount caused by the entire scheme rather than only in the amount caused by a particular mailing." *Phillips, supra,* at 5.

We support such reasoning and this analysis, coupled with Phillips' plea agreement, lead us to the conclusion that the district court had the authority to order Phillips to pay $6,000 restitution as a condition of probation.

AFFIRMED.