UNITED STATES of America, Plaintiff-Appellee,

v.

Lorry Joy ORR, Defendant-Appellant.

No. 81–1673.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 3, 1982.

Decided Oct. 25, 1982.

**432**

Hollis. K. McMilan, Eugene, Or., for defendant-appellant.

Thomas M. Coffin, Asst. U. S. Atty., Eugene, Or., for plaintiff-appellee.

Before SNEED and SKOPIL, Circuit Judges, and STEPHENS,* District Judge.

SKOPIL, Circuit Judge:

## I. FACTS

Orr was charged with nine counts of embezzling a total of $3,715 from two banks that had employed her, in violation of 18 U.S.C. § 656. She pleaded not-guilty to all counts.

Pursuant to plea negotiations, Orr pleaded guilty to a superseding indictment charging two misdemeanor counts of embezzlement of $100 from each bank. All other charges were dismissed. The plea agreement contained no reference to restitution, and specifically provided that the prosecution would take no position as to sentencing.

According to the presentence report, Orr admitted taking approximately $3,815. At the presentence interview, she expressed her belief that restitution could be ordered only in the amount of the superseding indictment. There is no indication in the record that Orr agreed to restitution of the amount originally charged as a condition of probation.

Orr was then sentenced to 90 days incarceration on count one. Imposition of sentence on count two was suspended with five years probation and two special conditions of probation. The probation condition challenged here requires restitution of $3,815, in such amounts and at such times as directed by the probation officer.

## II. ISSUES

Orr challenges the imposition of a probation condition for restitution of an amount greater than that for which she was convicted. She also argues that restitution may not be ordered to a party not named in the count for which she received probation. We agree with Orr as to the first contention, but not the second. Accordingly, we reverse in part and remand for modification of the condition of probation as indicated below.

## III. DISCUSSION

The authority for requiring restitution as a condition of probation is contained in 18 U.S.C. § 3651:

"[The court may] place the defendant on probation for such period and upon such terms and conditions as the court deems best.

\* \* \* \* \* \*

While on probation and among the conditions thereof, the defendant . . . [m]ay be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had. . . .

In *Karrell v. United States,* 181 F.2d 981 (9th Cir. 1950), this court held that the specific limitation, "actual damages . . . caused by the offense for which conviction was had," governs the general provision for "such terms and conditions as the court deems best." *Id.* at 987. This court held that restitution could be ordered only for amounts in counts upon which conviction was had and not for amounts set forth in dismissed counts, since a conviction for greater amount could not have been had.

---

\* The Honorable Albert Lee Stephens, Jr., United States District Judge for the Central District of California, sitting by designation.

*Id.* *See also United States v. Follette,* 32 F.Supp. 953 (E.D.Pa.1940), *cited with approval in Karrell,* 181 F.2d at 987.[1]

The *Karrell* construction of section 3651, limiting restitution to amounts for which the defendant was actually convicted, is the majority rule. *See United States v. Tiler,* 602 F.2d 30, 33 (2d Cir. 1979); *United States v. Buechler,* 557 F.2d 1002, 1007 (3d Cir. 1977); *United States v. Hoffman,* 415 F.2d 14, 22 (7th Cir.), *cert. denied,* 396 U.S. 958, 90 S.Ct. 431, 24 L.Ed.2d 423 (1969); *United States v. Taylor,* 305 F.2d 183, 187 (4th Cir. 1962), *cert. denied,* 371 U.S. 894, 83 S.Ct. 193, 9 L.Ed.2d 126 (1963); *United States v. Stoehr,* 196 F.2d 276, 284 (3d Cir. 1952).

Since *Karrell,* the courts have developed a narrow exception to the general rule where a defendant has entered a plea agreement for restitution of amounts greater than the conviction as a condition of probation. *See United States v. Davies,* 683 F.2d 1052, 1055 (7th Cir. 1982); *United States v. Tiler,* 602 F.2d at 33–34; *United States v. Landay,* 513 F.2d 306, 308 (5th Cir. 1975). *See also United States v. McLaughlin,* 512 F.Supp. 907, 908 (D.Md.1981).

This court's recent decision in *Phillips v. United States,* 679 F.2d 192 (9th Cir. 1982), is in accord with these principles, although there we were concerned with a somewhat different problem. In *Phillips,* defendant had pleaded guilty to three counts of a multicount indictment, but none of the three counts specified an amount attributa-

ble to the offense.[2] Defendant had agreed during plea negotiations to an amount of restitution, and that restitution be a condition of probation. *Id.* at 194. Since no restitution had been ordered for amounts in dismissed counts, we found that the defendant could be ordered to make restitution in the amount to which he had agreed. *Id.*

In *Phillips,* we said:

"We feel that when a defendant consents pursuant to a plea agreement to pay such a restitutionary amount and such plea bargain is fully explored in open court and the defendant thereafter signs a stipulation to the effect that restitution in such a sum is to be paid, then the court is bound by law to carry out that specific agreement."

679 F.2d at 194.

Applying these principles to Orr's case, we find that the order for restitution cannot stand. Orr was convicted on a guilty plea under a superseding indictment on which only a conviction for embezzling $200 could have been had. The plea agreement did not specify restitution as a condition of probation. The record indicates that Orr never plea bargained for, or consented to, restitution of an amount greater than the conviction as a condition of probation.[3]

We hold that, absent a fully bargained plea agreement or modification thereof for restitution in an amount greater than the conviction as a condition of probation, the sentencing court is limited by section 3651 to imposing restitution of

1. In *Follette,* the defendant was charged with and pleaded guilty to embezzlement of $203.99 of postal funds. She was put on probation and ordered to make restitution of a greater amount to the surety who had made good the government's loss. Reasoning that "[a] conviction for embezzlement and conversion of a greater sum could not have been had on this indictment," the court held that restitution must be limited to the amount charged in the indictment. 32 F.Supp. at 955.

2. A different problem is raised where no specific amount of loss is charged for the offense. The critical issue then is whether the restitution is for actual damages or loss caused by the offense for which conviction is had. *See, e.g., United States v. Boswell,* 565 F.2d 1338, 1343 (5th Cir. 1978); *United States v. Taylor,* 305

F.2d 183, 187 (4th Cir. 1962), *cert. denied,* 371 U.S. 894, 83 S.Ct. 193, 9 L.Ed.2d 126 (1963). *Compare United States v. Tiler,* 602 F.2d 30, 33–34 (2d Cir. 1979).

3. The government urges us to adopt the approach of the court in *United States v. Landay,* 513 F.2d 306 (5th Cir. 1975). In *Landay,* the bank suffering the loss had obtained a civil consent judgment against the defendant prior to his plea. *Id.* at 307. Defendant agreed to incorporate the terms of consent judgment as a condition of probation; the amount was greater than that covered by the counts on which he was convicted. The Fifth Circuit upheld the restitution order on the ground that the defendant "freely and voluntarily admitted the exact amount the [bank] claimed he owed." *Id.* at 308.

**434**

amounts charged in counts for which conviction was had.[4]

 Orr also contends that restitution may not be ordered to a party not named in the count for which probation was ordered. We find nothing in the language of the statute that requires such an interpretation. Several cases discussed here involved a similar sentence on multi-count conviction. *See, e.g., Phillips v. United States,* 679 F.2d 192, 194 (9th Cir. 1982); *United States v. Roberts,* 619 F.2d 1, 2 (7th Cir. 1979); *United States v. Runck,* 601 F.2d 968, 969 (8th Cir. 1979).

We therefore REVERSE IN PART and REMAND for modification of the probation condition to require restitution of $100 to each bank.

In this case the United States argues that Orr's confession of the amount taken and her private agreements for restitution are analogous to the consent judgment in *Landay.* We disagree. Unlike *Landay,* Orr's private agreement was not incorporated by her agreement in the order for restitution as part of the plea agreement.

**4.** We have also considered the Third Circuit's holding in *United States v. Buechler,* 557 F.2d

1002 (3d Cir. 1977). In *Buechler,* the defendant had pleaded guilty to one count of embezzling $262.12. The court placed Buechler on probation on condition of restitution of $1,989.35.

The *Buechler* court held that the restitution order was in conflict with the statutory limitation, and noted that the effect of a plea agreement for restitution as a condition of probation was not before it. *Id.* at 1008 & n.10. *Buechler* supports our decision in this case.