UNITED STATES of America

v.

Goesta B. GASON–NIEBLING, II.

Crim. No. 82–00408.

United States District Court,
E.D. Pennsylvania.

Aug. 10, 1983.

---

culated what defendant's actual tax due for 1976 would be, taking into account the additional gross receipt figures that were omitted from defendant's return. Calculating the actual tax due and owing for 1976 in a manner most favorable to · the defendant, the Internal Revenue Service expert will testify that the actual tax due and owing for the calendar year 1976 was about $70,000.00 (about $65,-000.00 higher than indicated by the defendant's 1976 tax return).[1]

Count two of the Indictment itself, to which the defendant pleaded guilty, specifies that a tax was owing to the United States in the amount of $70,960.37 for the year in question, although the defendant's tax return stated that a tax of $5,818.90 was due. Accordingly, this is not a case where the defendant can not be said to have acquiesced to the Government's figures.[2] *See United States v. Buechler,* 557 F.2d 1002, 1008 & n. 9 (3d Cir.1977) (where defendant pleaded guilty to embezzling $262.12, court could not order her to restore almost $2000. even though she remained silent during Government's accusations that she stole the larger amount). Nor does the amount of restitution exceed the amount involved in the particular offense for which the defendant was indicted and convicted. *See, United States v. Taylor,* 305 F.2d 183, 187 (4th Cir.1962).

Accordingly, defendant's motion will be denied.

An Order follows.

William E. Ball, Asst. U.S. Atty., Philadelphia, Pa., for the Government.

Walter M. Phillips, Jr., Phillips & Phelan, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HANNUM, District Judge.

The defendant, Goesta B. Gason-Niebling, II, has moved the Court for correction of sentence pursuant to Fed.R.Crim.P. 35(a). Specifically, he challenges that portion of the sentence ordering restitution as a condition of probation "in the amount of $65,141. within 120 days following the defendant's release from confinement." The defendant urges that the restitutionary figure does not constitute a formal determination by the Internal Revenue Service of tax liability for the period upon which Count two of the Indictment is based.

On the other hand, at the time of his guilty plea hearing, the defendant acknowledged the following portion of the Government's Change Of Plea Memorandum as the factually accurate basis of the charges in the Indictment:

An expert witness from the Internal Revenue Service will testify that he cal-

---

1. *See,* Government Change Of Plea Memorandum, Docket Entry No. 21 at p. 4.

2. Following the guilty plea hearing, the defendant filed an affidavit purporting to disclaim his knowledge of "the exact amount of my unreported gross receipts for 1976 and the corresponding amount of additional tax due and owing." *See* Docket Entry No. 23. The affidavit goes on to state: "I do know that I understated my income by a substantial amount, but I simply do not know the exact figures." We find this equivocal and even self-serving statement to be of little or no moment as respects defendant's contentions.