**UNITED STATES of America, Plaintiff,**

v.

**Charles Ira BLACK, Defendant.**

**No. CR 83–59.**

United States District Court,
D. Oregon.

June 22, 1984.

---

Charles H. Turner, U.S. Atty., D. Or., Robert C. Weaver, Asst. U.S. Atty., Portland, Or., for plaintiff.

Norman Sepenuk, James L. Collins, Ingrid L. Swenson, Portland, Or., for defendant.

## OPINION AND ORDER

JAMES M. BURNS, Chief Judge.

Charles Ira Black was convicted, on November 16, 1983, of 38 counts of mail fraud and tax violations arising from his operation of a fraudulent tax shelter scheme known as Oxford Investment Corporation (Oxford). Black defrauded investors out of nearly $1 million, while persuading and causing them to claim fictitious losses in excess of $7.1 million on their personal income tax returns. At the time I sentenced Black, I reserved ruling on the issues discussed in this Order.

The government seeks reimbursement for costs, restitution to victims of the fraudulent scheme, and a deposit of fines or a posting of bond pending appeal. The defendant seeks reconsideration of his motion to suppress. I discuss each issue in turn.

COSTS

The government has provided a breakdown of what it determines to be the cost of prosecution. The total is $56,029.77. The defendant concedes that $19,028.66 of the costs claimed are allowable. He specifically objects, however, to costs for (1) grand jury investigation in the amount of $20,324.14, (2) trial transcripts in the amount of $9,184.25, and (3) other including travel and per diem and telephone in the amount of $7,489.72.

Taxation of the costs of prosecution for a mail fraud conviction is permissible under 28 U.S.C. § 1918(b). *United States v. Gering*, 716 F.2d 615, 625 (9th Cir.1983). The tax counts of the indictment charged violations of 26 U.S.C. §§ 7203 and 7206(2). Both sections contain provisions for the mandatory imposition of the costs of prosecution. *See United States v. Chavez*, 627 F.2d 953, 954 (9th Cir.1980). Neither the tax statutes nor 28 U.S.C. § 1918(b) specify what is to be included in the "costs of prosecution."

The court in *Gering* said that the general rule for the imposition of costs under 28 U.S.C. § 1918(b) is "that a district court has discretion to award costs and to determine the appropriate amount ... as long as the items of cost are authorized by the statutes and are imposed only on non-indigent defendants in a non-discriminatory manner." 716 F.2d at 626 (citation omitted). *Gering* involved a prosecution for mail fraud under 18 U.S.C. § 1341. Costs were imposed under 28 U.S.C. § 1918(b). The court there found all items assessed allowable under 28 U.S.C. §§ 1821 and 1920.

Section 1920 is the federal statute for taxing of costs. It provides:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees and exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.

Section 1821 provides for per diem and mileage and subsistence for witnesses.

■■■■ Defendant objects to the costs of the grand jury investigation. ($20,324.14). The Fourth Circuit, in *United States v. Vaughn*, 636 F.2d 921, 922 (4th Cir.1980), has said that section 1920 "does not authorize taxation of the costs of investigation leading to the indictment." Nor can such costs be imposed as a condition of probation under 18 U.S.C. § 3651. *Id.* at 923. Pretrial investigation expenses and expert witness fees are not taxed as a matter of course. *Welsch v. Likins*, 68 F.R.D. 589 (D.Minn.1975), a non-criminal case, citing *6 Moore's Federal Practice*, ¶ 54.77 [5.–3] at 1734 and ¶ 54.77[8] at 1751.

I find no authority for imposition of costs of the grand jury investigation. Thus, I disallow them.

■■■ Black also objects to the imposition of the costs of the trial transcript. He contends that the transcript was not "necessarily obtained for use in the case", but was ordered for the convenience of the government. The trial lasted 16 trial days. Approximately 56 witnesses were called. Because of the number of witnesses, length, and complexity of this case, especially in light of the defense asserted, I find the daily transcript was necessary for use in the case, and thus I allow costs of $9,184.25. An analogue may be found in similar allowances approved in civil cases: *Twentieth Century Fox Film Corp. v. Goldwyn*, 328 F.2d 190 (9th Cir.1964); *ABC Packard Inc. v. General Motors Corp.*, 275 F.2d 63 (9th Cir.1960); *Stein v. Rosenthal*, 103 F.Supp. 227 (1952) *aff'd* 205 F.2d 633 (9th Cir.1953).

■  Finally, Black objects to other expenses as follows:

Travel, subsistence and per diem for the following individuals:

| | |
|---|---:|
| Weaver, Assistant United States Attorney | $ 125.10 |
| Carver, Special Assistant United States Attorney | 4,204.03 |
| Baum, Postal Inspector | 472.25 |
| Karamonos, IRS Agent | 566.37 |
| Express Delivery to the Grand Cayman Islands | 40.00 |
| Telephone | 136.54 |
| IRS Administratively uncontrollable overtime | 1,157.76 |
| IRS other overtime | 787.67 |
| | $7,489.72 |

Defendant argues these items are not included in the statute, and thus they are not allowable. The few cases addressing the issue have said that while section 1920 does not present an exclusive list of expenses, it has been strictly construed. *See United States v. Pommerening,* 500 F.2d 92, 102 (10th Cir.1974), *cert. denied,* 419 U.S. 1088, 95 S.Ct. 678, 42 L.Ed.2d 680 (1974); *United States v. Vaughn,* 636 F.2d at 922 n. 1. The expenses included in the $7,489.72 are not justified under the statutes and there is little case law to support the imposition of such costs. Therefore, I exercise my discretion to disallow them.[1]

In conclusion, I disallow all the costs that the defendant objects to except the cost of the trial transcript. Thus costs will be allowed in the amount of $28,212.91.

RESTITUTION

The authority for requiring restitution as a condition of probation is 18 U.S.C. § 3651 (1976):

---

1. The court in *Pommerening* did allow the costs of travel and subsistence of one of two FBI agents sent from Washington, D.C. to authenticate blown-up photographs of records used by the government because his testimony was relevant. The other agent did not testify, thus his expenses were disallowed, pending a hearing on the matters.

Another court allowed the cost for the testimony of special investigators or expert witnesses, because such testimony was necessary to aid the court in understanding the complex issues.

While on probation and among the conditions thereof, the defendant ... [m]ay be required to make restitution or reparation to aggrieved parties for actual damage or loss by the offense, for which conviction was had....

The Ninth Circuit has interpreted § 3651 to limit restitution to the amounts for which the defendant was actually convicted. *United States v. Gering,* 716 F.2d 615 (9th Cir.1983); *United States v. Orr,* 691 F.2d 431, 432 (9th Cir.1982); *Karrell v. United States,* 181 F.2d 981 (9th Cir.1950). In *Gering* the defendant was convicted on a 24 count indictment of mail fraud alleging specific mailings and loss in the amount of $739.00. The district court imposed restitution of the total amount of contributions made by all persons named in the indictment during the indictment period. On appeal the court said that restitution was limited to the amount alleged in the indictment because that was the loss "caused by the offense for which conviction was had" and because there was no plea agreement for restitution of a different amount. *Gering,* 716 F.2d at 623, 625. The rule applied in *Gering* was developed in *Karrell, supra.*

Since *Karrell,* courts have developed an exception to the rule where a defendant has entered a plea agreement for restitution of amounts greater than the conviction as a condition of probation. *See Phillips v. United States,* 679 F.2d 192 (9th Cir.1982); *United States v. Davies,* 683 F.2d 1052, 1055 (7th Cir.1982); *United States v. Tiler,* 602 F.2d 30, 33–34 (2nd Cir.1979); *United States v. Landay,* 513 F.2d 306, 308 (5th Cir.1975); *See also United States v.*

*Welsch v. Likins,* 68 F.R.D. 589, 597 (D.Minn. 1975). In *Welsch,* a non-criminal case, the court allowed taxation of costs for out-of-pocket expenses, and expenses incurred in pretrial observations of expert witnesses because their experience in governmentally operated programs for the retarded added greatly to the court's knowledge and enabled the court to fashion necessary and practical requirements for the operation of the state hospital. That case was civil, however, and has no binding application here.

*McLaughlin,* 512 F.Supp. 907 (D.Md.1981); *United States v. Orr,* 691 F.2d at 433.

The Ninth Circuit's decision in *Phillips* allows restitution under that exception. There the defendant pleaded guilty to three counts of a 26 count indictment for mail fraud, but none of the three counts specified an amount attributable to the offense. The court approved restitution in the amount of loss caused by the entire mail fraud scheme rather than only the amount caused by a particular mailing noting that the offense of mail fraud requires both an act of using the mails and a fraudulent scheme. (The court relied on *Tiler, supra* in which the court set restitution at a figure which encompassed all damages from a conspiracy despite the fact that the defendants were not convicted of specific fraudulent acts.) Furthermore, the defendant had agreed during plea negotiations to an amount of restitution as a condition of probation. No restitution had been ordered for amounts in the dismissed counts. The court said:

> We feel that when a defendant consents pursuant to a plea agreement to pay such a restitutionary amount and such plea bargain is fully explored in open court and the defendant thereafter signs a stipulation to the effect that restitution in such a sum is to be paid, then the court is bound by law to carry out the specific agreement. 679 F.2d at 194.

Although the courts in *Tiler* and *Phillips* relied on the nature of the crime and the fact that the defendants had entered into a plea agreement in setting the amount of restitution, in *Gering* the court made it clear that even though it "approved the analogy to *Tiler* where the defendant has entered a plea agreement as a condition of probation ... [t]he Phillips reasoning, however, cannot be extended beyond the plea agreement context." *Gering,* 716 F.2d at 624.

The *Gering* court added a discussion on the "actual damages" requirement of section 3651. Citing cases from other circuits,

the court noted the implication of these cases was that the amount of loss must be established by proof at trial, *Id.* at 625 (citing *United States v. Roberts,* 619 F.2d 1 (7th Cir.1979); *United States v. Boswell,* 565 F.2d 1338 (5th Cir.1978), *cert. denied,* 439 U.S. 819, 99 S.Ct. 81, 58 L.Ed.2d 110 (1979); *United States v. Hoffman,* 415 F.2d 14 (7th Cir.1969), *cert. denied,* 396 U.S. 958, 90 S.Ct. 431, 24 L.Ed.2d 423 (1969); *United States v. Taylor,* 305 F.2d 183 (4th Cir.), *cert. denied,* 371 U.S. 894, 83 S.Ct. 193, 9 L.Ed.2d 126 (1962); *United States v. Stoehr,* 196 F.2d 276 (3d Cir. 1952)); or by some other judicial determination, *See Boswell,* 565 F.2d at 1342–43; *Taylor,* 305 F.2d at 187; or by some consensual means, (plea bargaining as in *Phillips,* 679 F.2d at 194; or civil consent judgment against defendant before his plea as in *Landay,* 513 F.2d 306 (5th Cir.1975)). In *Gering* a non-judicial source, the United States Postal Inspector, made the determination of the requested restitution in an amount greater than the amount contained in the indictment. The court concluded that "since no plea agreement appears for this amount of restitution, the district court erred in ordering restitution of amounts beyond those contained in the indictment." *Gering,* 716 F.2d at 625.

Thus, the Ninth Circuit rule appears to be that "absent a fully bargained plea agreement or modification thereof for restitution in an amount greater than the conviction as a condition of probation, the sentencing court is limited by section 3651 to imposing restitution of amounts charged in counts for which conviction was had." *Gering,* 716 F.2d at 625; *Orr,* 691 F.2d at 433–34. Under the dicta in *Gering,* however, the rule could allow restitution in amounts judicially determined.

Here, the government argues that restitution is proper as to all the investors named as victims of the mail fraud scheme who were identified in a stipulation agreed to by the parties and received into evidence. (Exhibit 602).[2] Exhibit 602 lists 95

**2.** I note that defendant has already indicated that he will appeal the judgment of conviction.

investors whose losses total $787,185. In addition, the government claims that additional investors bring the total loss close to $1 million. The list of victims, they argue, constitutes a "judicial determination" of the total loss as a result of the defendant's crime, thus bringing it within the ambit of *Gering*. It does not appear from the government's claims that it is asking the court to view the stipulation as a "fully bargained plea agreement." I could not adopt any such rationale in absence of clearer instruction from the circuit.

The defendant on the other hand urges the very narrowest construction of *Gering* and section 3651. The defendant argues that, as in *Gering*, the question is not the total amount invested by victims who are mentioned in the indictment, but rather the total amount of the mailings alleged in the indictment because that is the loss caused by the offenses for which conviction was had. The total from the mailing alleged in the indictment, according to defendant's calculation, is $46,250. The total investment from investors named in the indictment or included by virtue of mailings to or from their accountants is $111,950 for 1977 and $86,400 in 1978, making a total for both years of $198,350.

▮ Only those entitled to restitution should get it. Thus, if investors received tax benefits and did not have to pay civil jeopardy assessments by the Internal Revenue Service (IRS) because the statute of limitations has run, those investors will not be entitled to restitution. The government says all of the investors named in the indictment (or included by virtue of their accountants) have suffered civil jeopardy assessments. The defendant points out, however, that those who have been subjected to the civil jeopardy assessments have also been allowed an out-of-pocket deduction for the amounts invested. Thus, the defendant argues that none of the investors is entitled to any restitution.

▮ I impose restitution for the amounts invested by the victims listed in the stipulation because: (1) an element of the crime of mail fraud is a "fraudulent scheme", *Phillips, supra* 679 F.2d 192; (2) the stipulation entered into by the parties and entered into evidence, constitutes a judicial determination of the amount of the loss, *Boswell, supra* 565 F.2d 1342–43; (3) the judicial determination satisfies the actual damages requirement of section 3651; (4) the defendant freely admitted the amount each investor listed would testify he had invested; and (5) it would be unfair to allow the defendant to escape the consequences of his criminal behavior at the expense of the taxpaying public.

The amount of restitution is subject to reduction by amendment showing the individual taxpayers who received tax benefits or out of pocket deductions in amounts greater than their investments. Thus I reserve jurisdiction to reduce the costs allowed upon a later showing by the parties.

## POSTING OF BOND

The government's request for a deposit of fines or posting of bond pending appeal is denied. Based upon his conduct up to date, I do not find defendant is a sufficient risk in this regard to require such security in this case.

## MOTION TO SUPPRESS

The defendant seeks reconsideration of his motion to suppress and a finding that he has standing to contest the seizure of the documents turned over to the government by his former employee, Grace George. The defendant's request is denied. The oral findings I made at the hearing on this matter respond sufficiently to this issue.

IT IS SO ORDERED.

---

Under Rule 38, Fed.R.Crim.P., any restitution requirement on a probation count is stayed pending appeal. Presumably, by the time conviction is affirmed (if it is) all concerned will be able to fix a more precise (and lesser) amount than the figure contained in Exhibit 602.