STATE of Wisconsin, Plaintiff-Respondent,

v.

John Jay HUNTINGTON, Defendant-
Appellant.†

Court of Appeals

*Nos. 85–0482–CR, 85–1213–CR. Submitted on briefs
December 11, 1985.—Decided May 8, 1986.*

(Also reported in 390 N.W.2d 74.)

For the defendant-appellant the cause was submit-
ted on the briefs of *John T. Manning* of Wisconsin Rap-
ids.

---

† Petition to review denied.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Barry M. Levenson,* assistant attorney general.

Before Gartzke, P.J., Dykman, J., and Eich, J.

GARTZKE, P.J. John Jay Huntington pled guilty to theft of property having a value not exceeding $2,500, party to the crime. Sections 943.20(1)(a), 943.20(3)(b) and 939.05, Stats. The information described the stolen property as $1,200 in United States currency. The issue is whether the trial court could require, as a condition of Huntington's probation, that he pay $4,800 restitution jointly and severally with two other persons. Huntington admits that $4,800 is the amount he and the others stole. We hold that sec. 973.09(1)(b), Stats., authorizes that condition. We therefore affirm.

Section 973.09, Stats., governs probation. Subsection (1)(a) provides that if a person is convicted of a crime, the court may place the person on probation and impose conditions which appear reasonable and appropriate. Subsection (1)(b) provides that if the court orders probation, it "shall require restitution designed to compensate the victim's pecuniary loss resulting from the crime to the extent possible, . . . ." Subsection (1m) (a) provides that "[t]he court may provide for payment of restitution to the victim up to but not in excess of the pecuniary loss caused by the offense."

So far as is material, "pecuniary loss" is defined as:

> All special damages . . . substantiated by evidence in the record, which a person could recover against the probationer in a civil action arising out of the facts or events constituting the probationer's

26

criminal activities, including, without limitation because of enumeration, the money equivalent of loss resulting from property taken, destroyed, broken or otherwise harmed and out-of-pocket losses, such as medical expenses;

Sec. 973.09(8)(a), Stats.

Huntington's plea agreement provided that he would plead guilty to the charge contained in the information and that the state would recommend probation conditioned on restitution. At the sentencing hearing, the district attorney recommended $4,800 restitution because Huntington would be jointly and severally liable for that amount in a civil action, even though he claimed his share from the theft was only $1,050. The court accepted the recommendation.

Huntington had confessed that he and three other persons committed the theft. According to his confession, Huntington received $1,050. That the total stolen was at least $4,800 is undisputed. At the hearing on his motion to modify his sentence, his counsel conceded that the reduction from $4,800 to the $1,200 alleged in the information occurred without negotiation between the prosecutor and the defense.

For civil purposes, Huntington and the other thieves were joint tortfeasors. He is jointly and severally liable for the entire amount taken. The amount of restitution ordered, being the undisputed total taken, is substantiated by evidence in the record and is not in excess of the amount the victim could recover in a civil action arising out of the facts constituting Huntington's criminal activities. The amount of restitution ordered is authorized by sec. 973.09(1)(b), Stats., and it does not exceed the limit in sec. 973.09(1m)(a), Stats.

Huntington has not been required to make restitution for criminal conduct unrelated to the theft. The trial court did not attempt to "read in" other criminal activities by Huntington without his consent. Restitution was limited to the victim's pecuniary loss as defined in sec. 973.09(8)(a), Stats.

Nor did the trial court interfere with the prosecutor's charging decision. Huntington was charged with and pled guilty to being a party to theft of property having a value not exceeding $2,500, a Class E felony. The trial court sentenced him on that charge. The restitutionary condition is another matter. That condition is limited only by sec. 973.09(1m)(a), Stats. The condition did not exceed that limit.

Huntington relies on *United States v. Orr*, 691 F.2d 431 (9th Cir. 1982), for the proposition that restitution as a condition of probation may not be imposed in an amount greater than that for which he was convicted. In *Orr*, the sentencing court conditioned probation on restitution of $3,815, the total defendant had embezzled over a period of time. On appeal, the *Orr* court held that the condition could not stand, since defendant pled guilty only to two counts of embezzling $100. *Orr* is not in point. 18 U.S.C. sec. 3651 (1982), relied on in *Orr*, provides that as a condition of probation a defendant may be required to make restitution to aggrieved parties for "damages or loss caused by the offense for which conviction was had." Section 973.09, Stats., imposes no restitutionary limit measured by the offense "for which conviction was had."

*By the Court.*—Judgment and order affirmed.