70 F.3d 1263
 76 A.F.T.R.2d 95-7844
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Oscar R. LONG, III, Defendant-Appellant.
 No. 94-5029.
 United States Court of Appeals, Fourth Circuit.
 Submitted: August 8, 1995.
Decided: November 30, 1995.
 
 Kurt L. Dixon, Maupin, Taylor, Ellis & Adams, P.A., Raleigh, NC, for Appellant. Loretta C. Argrett, Assistant Attorney General, Robert E. Lindsay, Alan Hechtkopf, Gregory Victor Davis, Janice McKenzie Cole, United States Attorney, Tax Division, United States Department of Justice, Washington, DC, for Appellee.
 Before HAMILTON, LUTTIG, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Oscar R. Long, III, appeals his conviction and sentence for failure to file federal income tax returns for the years 1986 through 1989, in violation of 26 U.S.C. Sec. 7203 (1988). Long received three concurrent one-year sentences for the counts covering 1987 through 1989 under United States Sentencing Commission, Guidelines Manual, Sec. 2T1.2(a)(1) (Nov.1989), and received five years probation on the pre-guidelines conviction. Long contends that the district court subjected him to double jeopardy and improperly ordered as a condition of his probation that he make restitution to the IRS. Finding no such error, we affirm.
 
 I.
 
 2
 Long's double jeopardy claim concerns the use of his 1986 preguidelines crime for which he was separately convicted and sentenced; Long asserts it was reversible error to use the 1986 offense as relevant conduct in calculating his sentence under the guidelines. In computing Long's base offense level for the guidelines counts, the district court considered as relevant conduct the total loss from Long's failure to pay federal income tax for calendar years 1982 through 1991. USSG Sec. 1B1.3(a)(2). Long insists that the sentencing court's use of his 1986 conduct to enhance his sentence under the guidelines violated the Double Jeopardy Clause because he also received a separate punishment of probation for this offense. Long maintains that the court should have apportioned the tax loss between his pre-guidelines and guidelines crimes in order to avoid the double punishment.
 
 
 3
 The Double Jeopardy Clause protects defendants from multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717 (1969). However, "the use of evidence of related crimi nal conduct to enhance a defendant's sentence for a separate crime within authorized statutory limits does not constitute punishment for that conduct within the meaning of the Double Jeopardy Clause." Witte v. United States, 115 S.Ct. 2199, 2206 (1995). Because Long's concurrent one-year sentences for the guidelines counts were within the prescribed limits of Sec. 7203, the district court's use of Long's 1986 violation as relevant conduct was not punishment for the 1986 offense.[1] Id. Therefore, we find his claim on this issue meritless.
 
 II.
 
 4
 Long asserts that the district court made inadequate findings of fact concerning the IRS's tax loss to support its restitution order under the Victim and Witness Protection Act, 18 U.S.C.A. Sec. 3664(a) (West Supp.1995). He notes that the court did not explicitly adopt the findings contained in the presentence report (PSR). He claims further that, even if the sentencing court adopted the PSR, the findings contained therein were also insufficient to sustain the restitution order.
 
 
 5
 Although not raised by Appellant at sentencing,[2] we note that the district court erred in imposing restitution as a condition of probation for Appellant's pre-guidelines offense. The sole statutory authority for such restitution is the Probation Act,[3] under which the tax loss charged to the defendant must be established by (1) a jury finding as to tax liability; (2) the amount shown in the defendant's tax returns; or (3) an assessment by the Commissioner of Revenue. United States v. Taylor, 305 F.2d 183, 188 (4th Cir.), cert. denied, 371 U.S. 894 (1962). However, because both the Guidelines[4] and 18 U.S.C. Sec. 3563(b)(3)[5] were amended in 1988 to allow restitution for any criminal conviction, the district court could have imposed restitution under the 1988 and 1989 counts without having to satisfy Taylor. Therefore, we find that the district court's error did not prejudice Appellant under Rule 52(b) and will review Appellant's restitution order as if imposed under the Guidelines.
 
 
 6
 "In order to assure effective appellate review of restitution orders, this circuit requires sentencing courts to make specific, explicit findings of fact on each of the factors set forth in Sec. 3664(a)." United States v. Molen, 9 F.3d 1084, 1086 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3722 (U.S.1994). Section 3664(a) requires factfinding on the following: (1) the amount of loss sustained by the victim; (2) the financial resources of the defendant; (3) the financial need of the defendant and his dependents; and (4) the defendant's earning capacity. Id. The district court may satisfy its duty under the statute by adopting the findings in a PSR that adequately addresses the relevant factors. Id. However, if the PSR is itself deficient, a simple adoption of its findings is not enough. Id. at 1087. We review a district court's restitution order for abuse of discretion. United States v. Bruchey, 810 F.2d 456, 458 (4th Cir.1987).
 
 
 7
 At sentencing, the district court ordered the PSR placed in the record. Long confirmed that he had read the report and that he objected to paying any restitution, believing it unrelated to the offense for which he was convicted. He then objected to the amount of restitution recommended, explaining that his private investigation of his tax debt was not yet complete. Long offered no alternative figure and did not raise any specific objection to the Government's calculations. The sentencing court confirmed with the probation officer that the $27,517 listed in the PSR was the Government's calculation of the IRS's tax loss and then overruled Long's objections.
 
 
 8
 We find that the district court adopted the PSR and that its findings were sufficient to satisfy the requirements of Sec. 3664(a). Without an affirmative showing of inaccuracy or unreliability in the report's figures, Long failed to preserve an objection to the PSR, and the court was "free to adopt the findings of the [report] without more specific inquiry or explanation." United States v. Terry, 916 F.2d 157, 162 (4th Cir.1990) (internal quotation marks omitted). In describing the contents of the PSR to Long, overruling Long's objections, and ordering the recommended sentence and restitution, we find the district court's adoption of the PSR to be "self evident." United States v. Walker, 29 F.3d 908, 912 (4th Cir.1994).
 
 
 9
 We also find that the PSR specifically and explicitly addressed the Sec. 3664(a) factors as required by Molen. The report described an aggregate tax loss to the IRS of $79,411 from Long's criminal conduct from 1982 through 1991; for the years covered by his conviction, the tax loss was identified as $27,517. Concerning Long's ability to pay, the PSR found Long's net worth from real estate and an automobile to be $50,183. Noting Long's lack of liquid assets, the report stated, "[I]t appears the defendant could pay a fine/restitution through monthly installments or through liquidation of his fixed assets." (J.A. at 20). The report noted that Long had no dependents, no medical problems, an array of marketable skills, and a solid employment history. The report also listed Long's means of employment and gross income from 1986 through 1989. In the absence of any meaningful objection to these findings, we find the court's reliance on the PSR in setting the amount of restitution was a proper exercise of its discretion.
 
 
 10
 For the reasons discussed above we affirm Long's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The sentence also complied with the dictates of the Sentencing Guidelines. Under USSG Sec. 2T1.2(a), Appellant's base offense level was determined by the "tax loss" involved. "Tax loss" under the guidelines includes all loss attributable to any acts or omissions which were part of the same course of conduct or common scheme or plan as the offense of conviction. USSG Secs. 1B1.3(a)(2), 2T1.2 comment. (n.3)
 
 
 [2]
 We review issues raised for the first time on appeal for plain error. Fed. R. Crim P. 52(b); United States v. Olano, --- U.S. ----, 61 U.S.L.W. 4421, 4423 (U.S. Apr. 26, 1993) (No. 91-1306)
 
 
 [3]
 18 U.S.C. Sec. 3651 (1988), repealed by Pub.L. No. 98-473, Title II, Sec. 212, 1984 U.S.C.C.A.N. (98 Stat.) 3710
 
 
 [4]
 See USSG Sec. 5E4.1(a) (Oct.1988); USSG Sec. 5E1.1(a) (Nov.1989)
 
 
 [5]
 18 U.S.C. Sec. 3563(b)(3), amended by Pub.L. No. 100-690, Sec. 7110, 1988 U.S.C.C.A.N. (100 Stat.) 5937